# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1642

_____

United States of America,                    *
                                             *
                 Appellee,                    *
                                             *   Appeal from the United States
        v.                                    *   District Court for the
                                             *   District of Nebraska.
Pablo Stallings,                              *
                                             *       [UNPUBLISHED]
                 Appellant.                   *

_____

Submitted: November 7, 2003

Filed: November 10, 2003

_____

Before MELLOY, McMILLIAN, and FAGG, Circuit Judges.

_____

PER CURIAM.

A jury found Stallings guilty of conspiring to possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 18 U.S.C. § 2. The presentence report (PSR) determined that Stallings's Guidelines imprisonment range was 360 months to life, but because Stallings had two prior felony drug convictions, section 841(b)(1)(A) mandated a life sentence. Stallings objected, as relevant, to the PSR attributing any amount of cocaine base to him, enhancing his sentence by 4 levels under U.S.S.G. § 3B1.1(a) for being a leader of

the conspiracy, and using his prior convictions to enhance his sentence. The district court[1] sentenced him to life imprisonment.

On appeal, this court affirmed Stallings's conviction, but reversed and remanded his sentence because a 1993 California felony conviction for possessing cocaine base--one of the convictions used to enhance his sentence to life imprisonment--had never been properly entered against Stallings. See United States v. Stallings, 301 F.3d 919 (8th Cir. 2002). At resentencing, Stallings renewed his objections from the first sentencing, and argued during allocution that a 1987 Nevada sentence was too old to be considered, and that he should receive a 10-year sentence. The district court overruled these objections, and sentenced him to 360 months imprisonment and 10 years supervised release. In this appeal, Stallings's counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the district court erred by (1) overruling Stallings's objection to the weight of cocaine base attributed to him, (2) overruling his objection to the 4-level role enhancement, and (3) not sentencing him to 10 years. In a pro se supplemental brief, Stallings argues that his trial counsel was ineffective. Stallings also has moved for appointment of new counsel.

We need not consider the drug-quantity and role-enhancement issues raised by counsel, because these issues were not raised in Stallings's first direct criminal appeal. See United States v. Kress, 58 F.3d 370, 373 (8th Cir. 1995) (where party could have raised issue in prior appeal but did not, court later hearing same case need not consider matter). We also do not consider Stallings's pro se argument that he was denied effective assistance of counsel. See United States v. Martin, 59 F.3d 767, 771 (8th Cir. 1995) (except where result would be plain miscarriage of justice, ineffective-assistance claims should be raised in 28 U.S.C. § 2255 proceeding). To the extent

---

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

Stallings's argument that his prison sentence should be only 10 years is an argument that the district court should have departed from the applicable sentencing range, the district court did not err, plainly or otherwise, see United States v. Montanye, 996 F.2d 190, 192 (8th Cir. 1993) (en banc) (standard of review for issues not raised in district court is plain error), and having carefully reviewed the record independently for any nonfrivolous issues, see Penson v. Ohio, 488 U.S. 75 (1988), we find none.

Accordingly, we affirm, grant counsel's motion to withdraw, and deny Stallings's motion for counsel.

_____