# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-1701
_____

United States of America,

*Plaintiff - Appellee,*

v.

Willie B. Haynes,

*Defendant - Appellant.*
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: May 13, 2020
Filed: August 6, 2020
_____

Before COLLOTON and BENTON, Circuit Judges, and WILLIAMS,[1] District Judge.
_____

_____

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa, sitting by designation.

COLLOTON, Circuit Judge.

Willie Haynes appeals an order of the district court[2] declining to impose a reduced sentence under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. We reject Haynes's claim of error, and therefore affirm.

In 2009, Haynes pleaded guilty to one count of possession with intent to distribute five grams or more of cocaine base. *See* 21 U.S.C. § 841(a)(1), (b)(1)(B) (2008). At sentencing, the court determined that Haynes was responsible for at least 28.35 grams of cocaine base for a base offense level of 26 under the sentencing guidelines, and determined an advisory guideline range of 262 to 327 months' imprisonment based on a total offense level of 34. The court varied downward from the advisory range and imposed a term of 188 months.

Under the First Step Act, a court that imposed a sentence for an offense whose penalties were modified by the Fair Sentencing Act of 2010 may impose a reduced sentence. Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222. Under the Fair Sentencing Act, the statutory penalty for the offense of possession with intent to distribute five grams or more of cocaine base was reduced from a range of 5 to 40 years' imprisonment to a range of zero to 20 years' imprisonment. *See* Pub. L. No. 111-220, § 2(a), 124 Stat. 2372, 2372. Those penalties were enhanced if a defendant committed the offense after sustaining a prior conviction for a felony drug offense. 21 U.S.C. § 841(b)(1)(B), (C) (2008). Haynes had two prior convictions, so the effect of the Fair Sentencing Act was to reduce the statutory penalty for his offense from a range of 10 years to life imprisonment to a range of zero to 30 years' imprisonment. *Compare* 21 U.S.C. § 841(b)(1)(B) (2008) *with* 21 U.S.C. § 841(b)(1)(C) (2019).

---

[2]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

In 2019, Haynes moved to reduce his sentence under the First Step Act. He argued that he was "eligible for a reduction under the First Step Act, and should be granted a resentencing hearing to prove that a reduction is warranted." R. Doc. 114, at 6. The district court determined that Haynes's new advisory guidelines range was 188 to 235 months' imprisonment. The court then denied the motion to reduce the sentence, stating that even if the advisory range had been 188 to 235 months at the original sentencing, the court still would have concluded that 188 months was the appropriate sentence under 18 U.S.C. § 3553(a).

On appeal, Haynes contends that the district court erroneously determined that he was ineligible for a reduction under Section 404 of the First Step Act. Whether a defendant is eligible for relief depends on whether the Fair Sentencing Act modified the penalties for the offense of conviction. Therefore, a court must consider the penalties for the offense defined by the quantity of drugs with which the defendant was charged in the indictment, not by the quantity of drugs that was found at sentencing based on all of the defendant's relevant conduct. *United States v. McDonald*, 944 F.3d 769, 772 (8th Cir. 2019). Haynes suggests that the district court mistakenly deemed him ineligible because it focused on the wrong drug quantity in determining whether the statutory penalties for his offense were modified by the Fair Sentencing Act.

On careful consideration of the district court's order, we see no such error. The court properly rejected Haynes's argument that he was entitled to a hearing, *see United States v. Williams*, 943 F.3d 841, 844 (8th Cir. 2019), and then acknowledged that the First Step Act "vests discretion in the sentencing court to look at the facts and procedural history of each case when deciding whether to exercise discretion to reduce a sentence." R. Doc. 117, at 4. The court explained that even if the new guideline range had applied, the court still would have concluded that a sentence of 188 months "was sufficient but not greater than necessary to satisfy all the 18 U.S.C. § 3553(a) factors." *Id.* The court did not dispute Haynes's contention that the Fair

-3-

Sentencing Act modified the penalties for his offense. Nor did the court state that Haynes was categorically ineligible for a reduction. To the contrary, the order indicates that the court exercised discretion under the First Step Act, but determined that the existing sentence was appropriate.

The judgment of the district court is affirmed.

_____