# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 20-1612

———————————————

United States of America

*Plaintiff - Appellee*

v.

Pablo Stallings

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of Nebraska - Omaha

——————————

Submitted: March 15, 2021
Filed: June 24, 2021

——————————

Before GRUENDER, KELLY, and GRASZ, Circuit Judges.

——————————

GRASZ, Circuit Judge.

Pablo Stallings asks us to reverse the district court's[1] denial of his motion to reduce his sentence under Section 404 of the First Step Act of 2018. We affirm.

———————————————

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska, now deceased.

# I. Background

In 2001, a jury convicted Stallings of conspiracy to possess with intent to distribute cocaine base, and the district court sentenced him to life imprisonment. We affirmed the conviction but vacated the sentence because it improperly relied on an enhancement. *See United States v. Stallings*, 301 F.3d 919, 921–22 (8th Cir. 2002). On remand, Stallings was sentenced to 360 months of imprisonment, and we affirmed on appeal. *See United States v. Stallings*, 80 F. App'x 537, 538 (8th Cir. 2003) (unpublished). In September 2018, based on a stipulation by the parties, the district court granted Stallings's unopposed motion to reduce his sentence to 292 months of imprisonment under 18 U.S.C. § 3582(c)(2) and consistent with Section 2D1.1 of the United States Sentencing Guidelines Manual ("Guidelines"). The sentence fell at the bottom of the Guidelines range (292 to 365 months).

In February 2020, Stallings moved to reduce his sentence again, this time under Section 404 of the First Step Act of 2018. Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). "Under the First Step Act, a district court may reduce the sentence of prisoners who received sentences for offenses whose penalties were modified by the Fair Sentencing Act of 2010." *United States v. Black*, 992 F.3d 703, 704 (8th Cir. 2021). "Importantly though, the First Step Act expressly disclaims any *requirement* to reduce a sentence." *Id.* (emphasis added).

Following our direction in *United States v. McDonald*, 944 F.3d 769, 772 (8th Cir. 2019), the district court determined Stallings was eligible for a First Step Act reduction. The district court declined, however, to exercise its discretion to grant relief, stating it saw "no reason" to reduce what was already a bottom-of-the-Guidelines sentence.

# II. Discussion

On appeal Stallings urges us to reverse the district court for failing to consider the 18 U.S.C. § 3553(a) sentencing factors, placing undue weight on the Guidelines

range, and failing to produce a "reasoned decision" capable of "meaningful appellate review." None of these arguments warrant reversal.

Stallings's contention that the district court abused its discretion by failing to expressly consider the section 3553(a) factors, including his post-sentence rehabilitation, falls flat under our precedent. We have previously held the First Step Act "does not mandate that district courts analyze the section 3553 factors for a permissive reduction in sentence." *United States v. Moore*, 963 F.3d 725, 727 (8th Cir. 2020). Nor does it require the district court to reduce a sentence based on post-sentencing rehabilitation. *See United States v. Hoskins*, 973 F.3d 918, 921 (8th Cir. 2020).

Stallings's argument that the district court placed undue weight on the Guidelines range fares no better. The district court observed that because of the 68-month sentence reduction in 2018, Stallings's sentence now stood at the bottom of the current Guidelines range.[2] This was an entirely appropriate consideration. *See United States v. Harris*, 960 F.3d 1103, 1106 (8th Cir. 2020) (explaining the district court was correct to begin its analysis by considering "the sentence sought to be reduced" and also to recognize that its previous variance "had eliminated excessiveness the First Step Act was intended to remedy"). Indeed, in *Harris* we permitted (but did not require) the sentencing court to consider the current advisory Guidelines range when deciding whether to reduce under the First Step Act. 960 F.3d at 1106. Nothing in the record indicates the district court believed it was *bound* to keep the sentence within the current Guidelines range. Instead, it explained it saw "no reason" to exercise its discretion under the First Step Act to reduce the sentence beyond what it had done earlier. This was not an abuse of discretion.

---

[2]Stallings suggests the Guidelines calculation was faulty because it was based on a drug quantity that was determined by the sentencing judge as opposed to a jury. But the district court noted the operative Guidelines range was based on a drug quantity stipulated to by the parties. Stallings has not shown any error in the Guidelines calculation.

Finally, we reject Stallings's contention that the district court failed to provide a reasoned decision capable of meaningful appellate review. Although the district court did not expressly address all the arguments made by Stallings, reversal is not required. "[N]ot every reasonable argument advanced by a defendant requires a specific rejoinder by the judge." *United States v. Banks*, 960 F.3d 982, 985 (8th Cir. 2020) (quoting *United States v. Gray*, 533 F.3d 942, 944 (8th Cir. 2008)). "We presume that a district court has considered the arguments raised by the defendant." *Id.* Here, the district court first explained why Stallings *could* receive a First Step Act reduction. Then it explained why it would not exercise its discretion to reduce the sentence.[3] This was enough to satisfy us the district court "considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decision-making authority." *Hoskins*, 973 F.3d at 921 (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)).

### III. Conclusion

We affirm the district court's judgment.

KELLY, Circuit Judge, dissenting.

---

[3]The dissent interprets the district court's citation to *United States v. Moore*, 412 F. Supp. 3d 1111, 1119 (D. Neb. 2019), as explaining *why* the court would not reduce Stallings's sentence. We do not share that interpretation. After noting Stallings's current sentence exceeded the prior and current statutory mandatory minimum term and that the parties stipulated to the drug quantity impacting the guideline range, the district court explained it found "no reason" to reduce Stallings's sentence below the applicable guidelines. In a separate paragraph, the district court wrapped up its order by stating that "[a]s in" the "well-reasoned" *Moore* decision, it did not believe a discretionary reduction was warranted. We interpret this reference to *Moore* as simply explaining that just like *Moore*, the district court found the defendant was eligible for a reduction under the First Step Act but would not exercise its discretion to grant such a reduction.

Based on our precedent, I agree with the court's conclusions as to Stallings's first two arguments on appeal. But because I believe the district court did not offer a reasoned basis for denying Stallings's motion for a sentence reduction, I would remand the case for further consideration.

After finding that Stallings was eligible for a reduced sentence under the First Step Act, the district court concluded that there was "no reason" to impose such a reduction. In support of its decision to keep his current sentence in effect, it wrote:

As in Chief Judge John Gerrard's well-reasoned decision in *United States v. Moore*, 412 F.Supp.3d 1111 (D. Neb. 2019), this Court concludes that a discretionary reduction in the Defendant's sentence under the First Step Act is not warranted.

In denying Stallings's motion, the district court did not have to issue a "specific rejoinder" to all of the arguments he raised. United States v. Gray, 533 F.3d 942, 944 (8th Cir. 2008). And in this circuit, it was permitted but not required to consider the § 3553(a) sentencing factors. See United States v. Moore, 963 F.3d 725, 727 (8th Cir. 2020). But see United States v. Easter, 975 F.3d 318, 326 (3d Cir. 2020) ("[W]hen deciding whether to exercise its discretion under § 404(b) of the First Step Act to reduce a defendant's sentence . . . the district court must consider all of the § 3553(a) factors to the extent they are applicable."). It was, however, required to conduct a "complete review" of Stallings's motion, Moore, 963 F.3d at 728 (cleaned up), and to "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356 (2007); see also United States v. Holder, 981 F.3d 647, 650 (8th Cir. 2020) (applying this aspect of Rita to the First Step Act).

Here, the only explanation the district court offered for why it would not reduce Stallings's sentence was its reference to a completely separate case. While Chief Judge Gerrard's decision in Moore may have been well-reasoned, it involved—and the court discussed—facts entirely different from those facing the

district court here: different underlying offense conduct, a different pre- and post-conviction history, and, perhaps most importantly, a different defendant.  See United States v. Moore, 412 F. Supp. 3d 1111, 1119 (D. Neb. 2019) (listing the "several facts that [led]" the court to deny the defendant's requested sentence reduction, including the quantity of drugs at issue, the defendant's obstruction of justice, and an earlier finding that the defendant used a firearm in furtherance of drug trafficking).  Because the district court provided no other insight into why it denied Stallings's motion for a reduced sentence, it is unclear whether it "had a reasoned basis for its decision" or whether, as its order strongly suggests, its denial relied solely on another judge's analysis of the facts presented to him in a different case.  If it is the latter, the court deprived Stallings of the individualized consideration to which he was entitled.  See United States v. Chambers, 956 F.3d 667, 670 (4th Cir. 2020) ("In [passing the First Step Act, Congress] aimed to allow prisoners sentenced before the Fair Sentencing Act to petition the court for an individualized review of their case." (cleaned up)).

The problem here is that the district court's sparse reasoning combined with its apparent focus on Moore make it impossible to determine on appeal what the court based its judgment on and whether it improperly relied on another judge's analysis of a different defendant's case.  Accordingly, this is a situation where  the district court has not "set forth enough" to convince me that it had "a reasoned basis for exercising [its] own legal decisionmaking authority."  Rita, 551 U.S. at 356.  I respectfully dissent.

_____