# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1808
_____

United States of America

*Plaintiff - Appellee*

v.

Christopher Burnell

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Arkansas - El Dorado
_____

Submitted: March 15, 2021
Filed: June 29, 2021
_____

Before GRUENDER, KELLY, and GRASZ, Circuit Judges.
_____

GRASZ, Circuit Judge.

Christopher Burnell pled guilty to possessing more than five grams of crack with the intent to distribute, *see* 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii), and knowingly carrying a firearm in relation to a drug trafficking crime. *See* 18 U.S.C. § 924(c)(1)(A). He received a total sentence of 262 months for both counts. After the First Step Act's passage in 2018, Burnell moved to reduce his sentence. The

district court[1] denied his motion after concluding that the First Step Act did not change Burnell's United States Sentencing Commission Guidelines Manual ("Guidelines") range given his status as a career offender. Burnell now appeals.

"We review de novo the applicability of the First Step Act to a defendant's case . . . [and] review for an abuse of discretion the district court's decision to grant or deny an authorized sentence reduction." *United States v. McDonald*, 944 F.3d 769, 771 (8th Cir. 2019). "Under the First Step Act, a court that imposed a sentence for an offense whose penalties were modified by the Fair Sentencing Act of 2010 may impose a reduced sentence." *United States v. Banks*, 960 F.3d 982, 984 (8th Cir. 2020) (citing First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222). The First Step Act "makes certain provisions of the Fair Sentencing Act retroactive. As relevant here, section 404(b) . . . allows a district court to 'impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed.'" *McDonald*, 944 F.3d at 771 (quoting First Step Act § 404(b)).

Once a district court determines that a defendant is eligible[2] for a sentence reduction, it has "substantial discretion" to choose whether to reduce the sentence under § 404. *United States v. Hoskins*, 973 F.3d 918, 921 (8th Cir. 2020). Here, despite Burnell's eligibility, the district court denied him relief after "taking into account the policy statement set forth at [Guidelines] § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a)[.]" It reasoned that Burnell's Guidelines range "will not be reduced" based on the First Step Act because, as a career offender,

---

[1]The Honorable Susan O. Hickey, Chief Judge, United States District Court for the Western District of Arkansas.

[2]The government does not challenge that Burnell's conviction for possessing more than five grams of crack with the intent to distribute, *see* 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii), is a "covered offense" and makes him eligible for relief under the First Step Act. *See United States v. Haynes*, 968 F.3d 869, 870 (8th Cir. 2020).

his "range for imprisonment would still be determined using [Guidelines] § 4B1.1(c)(3)."

Burnell advances two main arguments on appeal. He first argues that the district court misunderstood its First Step Act authority and erred by "tether[ing]" its decision to the Guidelines. We disagree. We have said before that "tethered" is a word without "legal or sentencing bona fides." *United States v. Harris*, 960 F.3d 1103, 1106 (8th Cir. 2020) (cleaned up). Contrary to Burnell's assertions, the district court never said it "could not" or "may not" reduce his sentence because the First Step Act did not change his Guidelines range. Instead, it said his "term of imprisonment *will not* be reduced" because his "[G]uideline[s] range of imprisonment [did] not change" under the First Step Act. This was not legal error. *See Harris*, 960 F.3d at 1106 (quoting First Step Act § 404(c) ("Nothing in [§ 404] shall be construed to *require* a court to reduce any sentence pursuant to this section." (emphasis added))). Here, the district court simply explained that it would not exercise its "substantial discretion" to reduce Burnell's sentence, *Hoskins*, 973 F.3d at 921, because the First Step Act did not affect his Guidelines range—which ultimately depended on the application of § 4B1.1(c)(3) to his firearms count. *See* 18 U.S.C. § 924(c)(1)(A). We read this as a "plain statement regarding [the district court's] decision not to exercise its discretion[,]" rather than a legal statement that the district court saw itself as bound by or "tethered" to the Guidelines. *United States v. Howard*, 962 F.3d 1013, 1015 (8th Cir. 2020). And such a "plain statement" is enough to "close[] the matter." *Id.*

Burnell next argues that the district court incorrectly treated him as a career offender because one of his underlying Arkansas convictions—fleeing under Ark. Code § 5-54-125—is not a violent crime. Not so. Even assuming Burnell is correct in his assertions about Arkansas law, the problem with his argument is his unspoken premise that, in First Step Act resentencing, a district court is required to reassess earlier sentencing decisions unaffected by the Fair Sentencing Act. But § 404(b) only requires that a district court reassess the original sentence "as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time [] the covered offense was

-3-

committed." *McDonald*, 944 F.3d at 772 (quoting First Step Act § 404(b)). As such, it "makes retroactive only certain statutory changes pertaining to threshold crack cocaine weights triggering mandatory minimum sentences[.]" *United States v. Grant*, 813 F. App'x. 246, 249 (8th Cir. 2020) (unpublished) (quoting *United States v. Wiseman*, 932 F.3d 411, 417 (6th Cir. 2019)).[3]

For these reasons, we affirm the judgment of the district court.

_____

---

[3]Burnell also argues that the district court failed to address many of his arguments when it denied his sentence-reduction motion. Even if this were true, "not every reasonable argument advanced by a defendant requires a specific rejoinder by the judge." *United States v. Sherman*, 960 F.3d 978, 982 (8th Cir. 2020) (quoting *United States v. Gray*, 533 F.3d 942, 944 (8th Cir. 2008)).