# United States Court of Appeals

## For the Eighth Circuit

_____

No. 20-1729

_____

United States of America

*Plaintiff - Appellee*

v.

Aaron William Anderson, Jr., also known as Aaron William Anderson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: May 10, 2021
Filed: August 26, 2021
[Published]

_____

Before SMITH, Chief Judge, SHEPHERD and GRASZ, Circuit Judges.

_____

PER CURIAM.

Aaron William Anderson Jr. appeals the district court's[1] order reducing his sentence pursuant to § 404(b) of the First Step Act. *See* Pub. L. No. 115-391, § 404,

_____

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

132 Stat. 5194, 5222 (2018). Anderson argues that the district court abused its discretion in not further reducing his sentence. We affirm.

## I. *Background*

In 2008, a jury found Anderson guilty of possession with intent to distribute at least five grams of a mixture and substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2. The district court found Anderson responsible for 0.5 to 1.5 kilograms of crack cocaine. Based on a total offense level of 38 and criminal history category of VI,[2] the applicable sentencing range was 360 months' to life imprisonment. Anderson received a sentence of 360 months' imprisonment and eight years' supervised release.

In 2014, Amendment 782 to the United States Sentencing Guidelines reduced Anderson's Guidelines range to 324 to 405 months' imprisonment. *See* U.S.S.G. Suppl. to App. C. Amend. 782 (2014). The district court sua sponte reduced Anderson's sentence to 324 months' imprisonment, noting that Anderson had "received a sentence at the bottom of the guideline range when originally sentenced." First Order Reducing Sentence at 1, *United States v. Anderson*, No. 3:08-cr-00041-JAJ-TJS-1 (S.D. Iowa 2014), ECF No. 119.

In 2019, Anderson moved to further reduce his sentence pursuant to the First Step Act of 2018, which made retroactive the lower penalties for cocaine base offenses established by the Fair Sentencing Act of 2010.[3] The district court agreed

[2]This included enhancements resulting from Anderson's prior felony conviction in Wisconsin for possession with intent to distribute THC.

[3]"Section 2 of the Fair Sentencing Act increased the quantity of cocaine base required to trigger mandatory minimum sentences," and "[s]ection 3 eliminated the 5-year mandatory minimum for simple possession of cocaine base." *United States v. McDonald*, 944 F.3d 769, 771 (8th Cir. 2019). "As relevant here, section 404(b) allows a district court to impose a reduced sentence as if sections 2 and 3 of the Fair

that Anderson was eligible for relief under the First Step Act; it explained that at the time of Anderson's offense, "[t]he jury's finding of five grams and more of crack cocaine yielded a range of imprisonment between ten years and life because of [Anderson's] prior felony drug offense," but that "[n]ow the jury's finding supports a range of imprisonment of zero to thirty years pursuant to 21 U.S.C. § 841(b)(1)(C)." Second Order Reducing Sentence at 1, *United States v. Anderson*, No. 3:08-cr-00041-JAJ-TJS-1 (S.D. Iowa 2020), ECF No. 174. The court concluded that Anderson's total offense level was 34 and that, with his criminal history category of VI, this resulted in a sentencing range of 262 to 327 months' imprisonment. Noting that the court had "earlier expressed its desire to sentence [Anderson] at the bottom of the [G]uideline[s] range," it sentenced Anderson to 262 months' imprisonment. *Id.* The district court declined, however, to further reduce Anderson's sentence below the Guidelines range:

> The defendant seeks recalculation of his criminal history category. However, the First Step Act only granted retroactive application to the provisions of the Fair Sentencing Act. The court has considered each of the defendant's arguments and exercises its discretion to decline a further reduction of sentence.

*Id.*

Anderson timely appealed his sentence.

---

Sentencing Act of 2010 were in effect at the time the covered offense was committed." *United States v. Burnell*, 2 F.4th 790, 792 (8th Cir. 2021) (cleaned up).

II. *Discussion*

Anderson urges us to reverse his sentence because the district court declined to reduce his sentence below the bottom of his recalculated Guidelines range under the First Step Act.

> A court considering a motion for a reduced sentence under § 404 of the First Step Act proceeds in two steps. First, the court must decide whether the defendant is eligible for relief under § 404. Second, if the defendant is eligible, the court must decide, in its discretion, whether to grant a reduction.

*McDonald*, 944 F.3d at 772. We review the district court's decision to grant or deny an authorized sentence reduction for an abuse of discretion. *Id.* at 771; *see* First Step Act § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.").[4]

Anderson's principal contentions on appeal are that the district court failed to understand the scope of its authority under the First Step Act and failed to consider several of Anderson's arguments. We address these contentions in turn.

A. *Scope of Authority*

Anderson contends that the district court misunderstood the scope of its authority by (1) not understanding that it could impose a sentence below the Guidelines range, and (2) believing that it did not have the authority to recalculate his criminal history category. "[A] significant procedural error occurs if the district court fails to understand the scope of its authority and discretion at sentencing." *United*

---

[4]Because the parties do not dispute Anderson's eligibility for relief under § 404 of the First Step Act, we focus on whether the district court permissibly declined to reduce Anderson's sentence.

*States v. Tabor*, 531 F.3d 688, 692 (8th Cir. 2008). If such an error has occurred, we will "reverse [the] sentence unless the error is harmless or the defendant forfeited the error by failing to object in the court below." *Id.*

The district court committed no procedural error. First, "[n]othing in the record indicates the district court believed it was *bound* to keep the sentence within the current Guidelines range." *United States v. Stallings*, 2 F.4th 763, 765 (8th Cir. 2021). In fact, the court explained that it was imposing a bottom-of-the-range sentence because it had "earlier expressed its desire to sentence [Anderson] at the bottom of the [G]uideline[s] range." Second Order Reducing Sentence at 1. Further, it stated that it was "exercis[ing] its discretion to decline a further reduction of sentence." *Id.* In light of this "plain statement regarding [the district court's] decision not to exercise its discretion[,]" we conclude that the district court knew it could sentence Anderson to a below-range sentence yet chose not to. *See Burnell*, 2 F.4th at 792 (alterations in original) (quoting *United States v. Howard*, 962 F.3d 1013, 1015 (8th Cir. 2020)).

Second, the district court did not deny its authority to reevaluate Anderson's criminal history category. It noted that Anderson "s[ought] recalculation of his criminal history category" but explained that "the First Step Act only granted retroactive application to the provisions of the Fair Sentencing Act." Second Order Reducing Sentence at 1. The district court was correct:

> [Section] 404(b) only requires that a district court reassess the original sentence as if sections 2 and 3 of the Fair Sentencing Act were in effect at the time the covered offense was committed. As such, it makes retroactive only certain statutory changes pertaining to threshold crack cocaine weights triggering mandatory minimum sentences.

*Burnell*, 2 F.4th at 793 (cleaned up). The district court did not say that it could not reassess Anderson's criminal history category; rather, it recognized that it was not

"required to reassess earlier sentencing decisions unaffected by the Fair Sentencing Act," *id.* at 729–93, but chose not to do so.

### B. *Complete Review*

Anderson next contends that the district court abused its discretion by failing to consider "relevant and significant factors supporting a discretionary sentencing reduction." Appellant's Br. at 18 (all caps and bold omitted). We disagree.

"To conduct a 'complete review' under [§]404, a district court must consider the arguments presented in the defendant's motion and have a reasoned basis for its decision." *United States v. Davis*, 834 F. App'x 296, 297 (8th Cir. 2021) (unpublished per curiam) (quoting *United States v. Moore*, 963 F.3d 725, 728 (8th Cir. 2020)). "Our review consists of determining whether the record shows that the district court 'has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.'" *Id.* (quoting *United States v. Booker*, 974 F.3d 869, 871 (8th Cir. 2020)).

The record shows that the district court considered Anderson's arguments. First, the court necessarily considered—and agreed with—Anderson's arguments regarding his eligibility and the appropriateness of a sentencing reduction because the court found Anderson eligible for relief under the First Step Act and reduced his sentence accordingly. Then, it acknowledged but declined Anderson's invitation to recalculate his criminal-history category. Finally, it stated that it "ha[d] considered each of [Anderson's] arguments." Second Order Reducing Sentence at 1. According to Anderson, this was "simply boilerplate language," and there is "insufficient" "evidence of an individualized determination," Appellant's Br. at 27, because the court did not discuss his criminal history score, post-offense rehabilitation, and the

18 U.S.C. § 3553(a) factors.[5] However, "[w]e presume that a district court has considered the arguments raised by the defendant." *Stallings*, 2 F.4th at 765 (quoting *United States v. Banks*, 960 F.3d 982, 985 (8th Cir. 2020)). "[N]ot every reasonable argument advanced by a defendant requires a specific rejoinder by the judge," *id.* (alteration in original) (quoting *Banks*, 960 F.3d at 985), "particularly . . . when, as here, the Section 404 motion is reviewed by the same court that imposed the original sentence," *United States v. Cooper*, 835 F. App'x 900, 902 (8th Cir. 2021) (unpublished per curiam).

The district court also set forth a reasoned basis for exercising its decisional discretion. In concluding that a bottom-of-the-range sentence was appropriate, the court expressly stated that this sentence reflected the court's continuing desire to sentence Anderson to the bottom of the applicable Guidelines range. *Cf. United States v. Hoskins*, 973 F.3d 918, 921 (8th Cir. 2020) (concluding that the district court provided a reasoned basis for declining to reduce the defendant's sentence where "it briefly explained why the court concluded that [the defendant's] initial sentence was 'sufficient but not greater than necessary to address the essential sentencing considerations'").

---

[5]Anderson urges that the district court was "require[d] [to] consider[] . . . all relevant and significant factors in the case," including the § 3553(a) factors and post-offense rehabilitation. Appellant's Br. at 17. This argument is foreclosed by our precedent. Anderson's "contention [regarding the § 3553(a) factors] . . . falls flat under our precedent" because "[w]e have previously held the First Step Act 'does not mandate that district courts analyze the section 3553 factors for a permissive reduction in sentence.'" *Stallings*, 2 F.4th at 765 (quoting *Moore*, 963 F.3d at 727). His contention regarding post-offense rehabilitation meets the same fate: "A district court '*may* consider evidence of a defendant's postsentencing rehabilitation at resentencing.' But it need not adjust a sentence based on rehabilitation." *United States v. Williams*, 943 F.3d 841, 844 (8th Cir. 2019) (quoting *Pepper v. United States*, 562 U.S. 476, 504 (2011)).

In sum, the district court did not abuse its "substantial discretion," *id.*, in its decision to reduce Anderson's sentence to the bottom of the Guidelines range and not lower.

### III. *Conclusion*

For the foregoing reasons, we affirm the district court's sentence.

_____