# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-2252

_____

United States

*Plaintiff - Appellee*

v.

Darnell Brown, Jr., also known as P

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: March 11, 2024
Filed: June 24, 2024
[Unpublished]

_____

Before GRUENDER, SHEPHERD, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Darnell Brown appeals the district court's[1] denial of his motion for a reduced sentence under the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222. He argues that the district court deprived him of a complete review of

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

his motion or, alternatively, failed to provide sufficient reasoning for its decision. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

In 2007, Brown pled guilty to conspiracy to distribute and attempt to distribute marijuana and distribute, and attempt to distribute and possess with intent to distribute, 5 grams or more of cocaine base after being convicted for a felony drug offense, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), (b)(1)(D), 846 and 851. The Presentence Investigation Report (PSR) prepared by the United States Probation Office attributed responsibility for 935 grams of cocaine base and 354 grams of cocaine to Brown as part of his relevant conduct, with a converted combined drug quantity of 5,680.80 kilograms. The PSR calculated Brown's total offense level at 37 and criminal history as a Category III, resulting in a United States Sentencing Guidelines range of 262 to 327 months' imprisonment. At the sentencing hearing, the district court found that Brown obstructed justice, which resulted in a two-level enhancement, and that Brown was not entitled to the two-level acceptance of responsibility reduction. The district court then determined that the adjusted offense level was 41, resulting in a Guidelines range of 360 months to life imprisonment. The district court ultimately sentenced Brown to 360 months' imprisonment and 8 years of supervised release, denying Brown's motion for a downward departure or variance based on his "long and serious criminal history" and his risk of recidivism. In 2017, the district court reduced Brown's sentence to 324 months' imprisonment pursuant to 18 U.S.C. § 3582(c)(2) and USSG §1B1.10.

In 2022, Brown filed a pro se motion for a reduced sentence under the First Step Act. The district court appointed counsel, and after additional briefing from Brown's counsel and the Government, denied the motion. The district court first determined that Brown had committed an offense covered under the First Step Act and thus was eligible for relief. However, the district court determined that a sentence reduction was not warranted, highlighting Brown's extensive criminal history, which began at the age of 13, his role as a leader in the conspiracy for which he was convicted, his possession of handguns during the offense, his sale of drugs within 1,000 feet of a protected location, his obstruction of justice at sentencing, and

his numerous disciplinary violations while incarcerated. The district court ultimately concluded:

> [A] reduction of sentence would not result in a sentence constituting a just punishment in light of the seriousness of Defendant's crime, would not be in the interest of deterrence and would not be in the interest of the public, as Defendant poses a risk to recidivate and is a danger to the community.

Brown appeals, asserting that the district court failed to conduct a complete review of his motion by not considering his argument that it should vary to a Guidelines range that employed a 1:1 crack-to-powder-cocaine ratio, specifically noting the Department of Justice's position advocating for the same. Brown alternatively asserts that the district court's failure to expressly discuss this argument in its order means that there is an insufficient record for review. "We review for an abuse of discretion the district court's decision to grant or deny an authorized sentence reduction." United States v. McDonald, 944 F.3d 769, 771 (8th Cir. 2019).

The district court did not abuse its discretion in denying Brown's First Step Act motion. Although "Congress enacted the Fair Sentencing Act in 2010, which reduced the sentencing disparity between cocaine base and powder cocaine" and "increased the quantity of cocaine base required to trigger mandatory minimum sentences," id., "Section 404 is permissive," United States v. Moore, 963 F.3d 725, 727 (8th Cir. 2020). While "[a] district court 'may' impose a reduced sentence" pursuant to the First Step Act, "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." Id. (quoting § 404, 132 Stat. at 5222). "Once a district court determines that a defendant is eligible for a sentence reduction, it has 'substantial discretion' to choose whether to reduce the sentence under § 404." United States v. Burnell, 2 F.4th 790, 792 (8th Cir. 2021) (footnote omitted) (citation omitted).

The district court, which presided over Brown's original sentencing, was "uniquely positioned" to consider Brown's First Step Act motion. See United States

v. Howard, 962 F.3d 1013, 1015 (8th Cir. 2020). The district court detailed the history of the case and the applicability of the First Step Act before considering whether it should afford Brown relief. In declining to grant Brown relief, the district court emphasized Brown's lengthy criminal history, his high risk of recidivism, the fact that his offense of conviction involved handguns, and that he had committed numerous disciplinary violations while incarcerated. The district court's emphasis on these factors as weighing against First Step Act relief was within its substantial discretion in deciding the motion, and it did not err by not specifically rejecting Brown's policy argument regarding the cocaine base and powder cocaine disparity. See United States v. Black, 992 F.3d 703, 706 (8th Cir. 2021) (stating that defendant's "arguments merely take issue with the way the district court balanced the particular factors" in denying his First Step Act motion, noting the district court's "wide latitude" to consider factors, and concluding that defendant's "disagreement with the way the district court weighed the factors in this case falls well short of demonstrating an abuse of discretion" (citation omitted)).

We also disagree with Brown's assertion that the district court's failure to address his argument regarding the disparity between cocaine base and powder cocaine means that the district court's order did not sufficiently detail its reasoning to allow for appellate review. "The First Step Act does not 'require courts to expressly rebut each argument' made by the parties. In exercising its discretion, the court is free to agree or disagree with any of the policy arguments raised before it. All that the First Step Act requires is that a district court make clear that it 'reasoned through [the parties'] arguments.'" Concepcion v. United States, 597 U.S. 481, 501 (2022) (alteration in original) (citations omitted). Further, "[n]ot every reasonable argument advanced by a defendant requires a specific rejoinder by the judge." See United States v. Anderson, 11 F.4th 697, 701-02 (8th Cir. 2021) (per curiam) (citation omitted). We are satisfied that the district court reasoned through Brown's arguments, permissibly basing its decision to deny relief on Brown's criminal history and conduct while incarcerated, and necessarily rejecting Brown's policy argument about the cocaine base and powder cocaine disparity. See Black, 992 F.3d at 705 (rejecting defendant's argument that the district court's reasoning was too cursory

to afford appellate review because "the district court thoroughly considered [defendant's] circumstances" and noting that "we have previously affirmed First Step Act denials involving less robust explanations").

For the foregoing reasons, we affirm the judgment of the district court.

_____