# United States Court of Appeals

### For the Eighth Circuit

_____

No. 24-1791

_____

United States of America,

*Plaintiff - Appellee,*

v.

Alyssa Murry, also known as Alyssa Hoselton,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the District of South Dakota - Western

_____

Submitted: May 12, 2025
Filed: July 22, 2025
[Unpublished]

_____

Before COLLOTON, Chief Judge, SMITH and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Alyssa Murry appeals an order of the district court[*] denying her motion for a reduction in sentence. We conclude that the court did not abuse its discretion, and affirm the order.

Murry is serving a term of imprisonment after she was convicted of conspiring to distribute heroin between March 2019 and September 2020. At the time of the drug trafficking offense, Murry was on probation for a previous felony conviction for forgery. In the drug case, the district court calculated an advisory sentencing guideline range of 84 to 105 months' imprisonment, and sentenced Murry to 84 months in 2021.

On November 1, 2023, the Sentencing Commission amended USSG § 4A1.1 to eliminate two criminal history points for committing a federal offense while under a criminal justice sentence. Instead, an offender under a criminal justice sentence receives one status point if she has seven or more criminal history points or no status points if she has six or fewer points. *See* USSG § 4A1.1(e). The Commission made the amendment retroactive. *Id.* § 1B1.10(d), comment. (n.7).

Murry moved for a reduction in sentence based on the amendment. *See* 18 U.S.C. § 3582(c)(2). The district court determined that Murry was eligible for a reduction because the amendment would reduce her advisory guideline range to 70 to 87 months' imprisonment. But the court concluded that no reduction was warranted in light of Murry's criminal history and post-conviction conduct. We review *de novo* the district court's determination of a defendant's eligibility for a reduction in sentence, and we review for abuse of discretion the district court's

---

[*]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

-2-

decision to grant or deny an authorized reduction in sentence. *See United States v. Burnell*, 2 F.4th 790, 791 (8th Cir. 2021).

When the advisory guideline range applicable to a defendant is lowered by an amendment to the guidelines, "the court may reduce the defendant's term of imprisonment." USSG § 1B1.10(a)(1); *see* 18 U.S.C. § 3582(c)(2). A district court should apply a two-step approach to decide whether to grant a reduction in sentence. *Dillon v. United States*, 560 U.S. 817, 821 (2010). The court first should determine the inmate's eligibility for a sentence modification and the inmate's amended guideline range. *Id.*; USSG § 1B1.10(b)(1). The court must then consider whether a reduction is warranted under the sentencing factors of 18 U.S.C. § 3553(a). *Dillon*, 560 U.S. at 821; 18 U.S.C. § 3582(c)(2); USSG § 1B1.10 comment. (n.1(B)(i)).

The district court properly applied this two-step approach. The court determined that Murry's guideline range would have been lower if the amendment had been in effect at Murry's sentencing. The court thus determined correctly that Murry was eligible for a reduction in sentence.

The district court then considered the sentencing factors under § 3553(a), including the defendant's post-conviction conduct. *See United States v. Burrell*, 622 F.3d 961, 964 (8th Cir. 2010); USSG § 1B1.10 comment. (n.(1)(B)(iii)). The court found that "all signs indicate Murry is a danger to the community," and concluded that no reduction in sentence was warranted.

The district court did not abuse its discretion. Murry was convicted of distributing between seven hundred grams and one kilogram of heroin. She has sustained prior felony convictions for forgery and for a hit-and-run driving offense resulting in death or injury. Before serving her current sentence, Murry repeatedly failed to abide by the terms of her parole or probation. During her current term of incarceration, Murry has received disciplinary sanctions for mail abuse, refusing to

obey an order, and refusing a work or program assignment. This record of recidivism, misconduct, and incorrigibility justifies the district court's exercise of discretion.

Murry points out that she presented evidence of rehabilitation through efforts to address her drug addiction. But the district court has wide latitude to weigh the relevant factors, and the court permissibly concluded that the aggravating factors justified denial of the motion.

The order of the district court is affirmed.

_____