# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2906
_____

United States of America

*Plaintiff - Appellee*

v.

Zechariah Benjamin, also known as Boo

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: September 19, 2025
Filed: January 6, 2026
[Unpublished]
_____

Before SMITH, GRUENDER, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Zechariah Benjamin moved for a reduction of his prison sentence pursuant to § 404 of the First Step Act of 2018. The district court[1] denied his motion. We affirm.

---

[1]The Honorable C.J. Williams, Chief Judge, United States District Court for the Northern District of Iowa.

In 2008 a jury convicted Benjamin of distributing and conspiring to distribute crack cocaine. He was sentenced to the then-mandatory minimum term of life imprisonment. Benjamin was subject to this mandatory minimum in part because he had at least two prior convictions for delivering cocaine in Illinois. This criminal history enhanced his sentence under 21 U.S.C. § 841(b)(1)(A), which provides for increased penalties when a defendant has two or more prior convictions for certain prior, predicate offenses. In 2024, Benjamin moved for a sentence reduction under the First Step Act. The Government agreed that Benjamin was eligible for resentencing but resisted his motion, arguing life imprisonment was still the appropriate sentence. The district court held that Benjamin was eligible for resentencing but nevertheless denied his motion to reduce his prison sentence. Benjamin appeals.

"Under the First Step Act, a district court may reduce the sentence of prisoners who received sentences for offenses whose penalties were modified by the Fair Sentencing Act of 2010." *United States v. Black*, 992 F.3d 703, 704 (8th Cir. 2021). The district court must consider any nonfrivolous argument a prisoner makes for a reduction of his sentence, including intervening changes in the law or sentencing guidelines. *See Concepcion v. United States*, 597 U.S. 481, 498-501 (2022). We review a district court's decision on a § 404 motion in two steps. First, we review the defendant's eligibility for a sentence reduction under the First Step Act *de novo*. *United States v. McDonald*, 944 F.3d 769, 771 (8th Cir. 2019). Second, we review the discretionary decision whether to reduce a sentence of incarceration for an abuse of discretion. *United States v. Burnell*, 2 F.4th 790, 791 (8th Cir. 2021). Here, there is no dispute that the district court correctly found Benjamin eligible for a reduction; the Fair Sentencing Act amended the provision Benjamin had violated to no longer require life imprisonment. We proceed to the second step.

We first address Benjamin's argument that the district court abused its discretion by failing to consider that his prior drug convictions are no longer predicate offenses under § 841(b)(1)(A). Benjamin's prior offenses were possession

with intent to distribute and delivery of cocaine under Illinois law. In *United States v. Oliver*, 987 F.3d 794 (8th Cir. 2021) we held that these offenses are no longer predicates for a § 841 enhancement. *Id.* at 807. Thus, under *Oliver*, if Benjamin were convicted today instead of in 2008, his statutory punishment range and his initial sentencing guidelines calculation[2] would be even lower than what is required under Fair Sentencing Act alone. Relying on *Concepcion*, Benjamin asked the district court to take this development into account and reduce his sentence accordingly. Now, he argues that the district court denied him relief without considering this *Oliver* argument.

Benjamin's argument rests on a misunderstanding of the district court's decision. First, the district court acknowledged his *Oliver* argument by stating in its order that Benjamin argued his "prior convictions no longer qualify as enhancing predicates." The district court then made clear that it considered changes in sentencing laws "of no consequence" to Benjamin's motion unless Congress explicitly made such changes retroactive. That is, unless a change in law were passed by Congress and specifically made retroactive, the district court did not believe a change in law would weigh in favor of resentencing. "In exercising its discretion, the court is free to agree or disagree with any of the policy arguments raised before it" as long as it offers a "reasoned explanation." *Concepcion*, 597 U.S. at 501. None of the changes in law that Benjamin argued—including *Oliver*—were changes made retroactive by Congress; in dismissing all of them with the same reasoned explanation, the district court did not need to discuss specifically every change Benjamin argued. *See United States v. Howard*, 962 F.3d 1013, 1015 (8th Cir. 2020); *see also United States v. Miles*, 499 F.3d 906, 910 (8th Cir. 2007) ("When the record makes clear the sentencing judge listened to each argument . . . and imposed a sentence that takes them into account, we cannot find that the sentence was in error" for failing to consider an argument.) (citation modified).

---

[2]Benjamin concedes that once his criminal history is accounted for, his final guidelines range is still 360 months' imprisonment to life imprisonment.

We next address Benjamin's argument that the district court abused its discretion by making a clear error of judgment in weighing the factors for and against reducing his sentence. Benjamin argued that he had rehabilitated in prison and was unlikely to reoffend. The Government emphasized Benjamin's criminal history and the severity of his conduct. He had trafficked a large quantity of drugs, possessed firearms in connection with his crimes, and had a leadership role in a drug trafficking organization. And while Benjamin argued he had incurred only two violations while imprisoned, the Government countered that those violations were serious infractions involving fighting and possessing a contraband device that could have been used as a weapon. We afford a district court substantial discretion in choosing whether to reduce a sentence under § 404. *Burnell*, 2 F.4th at 792. The district court did not abuse its discretion by determining that the seriousness of Benjamin's offense conduct and his prior pattern of recidivism deserved more weight than his asserted rehabilitation in prison. Nor did the district court abuse its discretion by determining that his prison record was "less than stellar" and insufficient to overcome the factors weighing against resentencing.

For these reasons, we affirm the judgment of the district court.

_____