# United States Court of Appeals

## For the Eighth Circuit

_____

No. 19-2031

_____

United States of America

*Plaintiff - Appellee*

v.

Antonio Harris

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 17, 2020
Filed: June 5, 2020

_____

Before SMITH, Chief Judge, LOKEN and GRUENDER, Circuit Judges.

_____

LOKEN, Circuit Judge.

In 2008, a jury convicted Antonio Harris of violating 21 U.S.C. § 841(a)(1) when he possessed with intent to distribute more than 50 grams of cocaine base (crack cocaine). At sentencing, Harris was found to be a career offender under USSG § 4B1.1, producing an advisory guidelines sentencing range of 360 months to life imprisonment. District Judge Carol E. Jackson varied downward and sentenced Harris to 240 months imprisonment, the statutory mandatory minimum sentence

because the government had filed an information disclosing his prior Missouri conviction for possession of marijuana with intent to distribute. See 21 U.S.C. §§ 841(b)(1)(A)(iii) and 851 (2008). We affirmed the conviction and sentence. United States v. Harris, 557 F.3d 938 (8th Cir. 2009). In 2019, Harris filed a motion for a sentence reduction under the First Step Act of 2018. The district court[1] ruled that Harris was eligible for a First Step Act reduction and reduced his sentence to 216 months. Harris appeals, arguing the court erred in not granting a greater reduction. We affirm.

## I. Background

The Fair Sentencing Act of 2010 reduced the mandatory minimum sentencing disparities between crack and powder cocaine offenses. The Act's more lenient provisions were held not to apply to those sentenced before its enactment. Dorsey v. United States, 567 U.S. 260, 282 (2012). Congress and the President responded by enacting the First Step Act in 2018. At issue here is Section 404 which provides:

(a) DEFINITION OF COVERED OFFENSE.--In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010.

(b) DEFENDANTS PREVIOUSLY SENTENCED.--A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

---

[1]The Honorable John A. Ross, United States District Judge for the Eastern District of Missouri.

(c) LIMITATIONS.--No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). Harris is eligible for First Step Act relief because, had the Fair Sentencing Act been in effect when he was sentenced, the mandatory minimum for his drug offense would have been ten rather than twenty years. See 21 U.S.C. § 841(b)(1)(B); United States v. McDonald, 944 F.3d 769, 772 (8th Cir. 2019).

As Judge Jackson had retired, Harris's First Step Act motion was reassigned to District Judge John A. Ross. The Probation Office reported to Judge Ross that Harris's guidelines sentencing range as a career offender remained 360 months to life imprisonment. The report also summarized Harris's time in prison, including completion of business and wellness courses and seven conduct violations. Harris submitted a Response arguing that "Mr. Harris today does not qualify as a career offender" and that his postsentencing rehabilitation warrants a sentence at the bottom of his current guidelines range, 110 months imprisonment (the mandatory minimum sentence under the Fair Sentencing Act is 120 months). Judge Ross then held a motion hearing, determining that Harris's presence was not required.

Early in the hearing, Judge Ross asked defense counsel, "Do you agree though that the guideline range here today is still 360 months to life?" Counsel replied:

> Well, if the Court determines he is still a career offender, yes, that's a guideline. But what I wanted to do is point out to the Court

today Mr. Harris would not be a career offender. So I'm asking the Court to take that into consideration under the 3553(a) factors . . . to further reduce his sentence. . . . Today under the First Step Act . . . he has a 120 month mandatory minimum. So I'm asking the Court to exercise discretion and vary downward to 120 months.

The government agreed the court had First Step Act discretion to reduce Harris's sentence to 120 months but urged the court not to reduce the 240-month sentence, which was ten years below the bottom of his guidelines range.

In ruling on the motion, Judge Ross explained he had carefully reviewed the entire record because the case had been reassigned. The court recognized its discretion to reduce Harris's sentence to 120 months, the Fair Sentencing Act mandatory minimum. The court noted "very troubling circumstances around his conviction and sentencing" and stated:

> Judge Jackson . . . noted all of the things that the Government has noted about his history, his criminal background, his violations while in the State Department of Corrections, and yet the judge still chose to substantially vary downward. . . . So the circumstances around his sentence simply don't indicate that that sentence was in any way excessive . . . . [T]here is just nothing in that sentence that would indicate under the First Step Act [it] was excessive or unduly harsh. . . .

> So that would indicate to me that there should be no reduction in this case. Having said that, I do look at . . . is there something in the record . . . since he has been confined, that should otherwise cause the Court to consider any reduction of sentence.

The court invited and received further argument from counsel, took the matter under advisement, and issued a written order reducing Harris's sentence to 216 months and 8 years of supervised release. The Order explained, "While the Court recognizes

-4-

[Harris] continues to have some violations of prison rules, he does appear to have made significant progress in completing job training and educational programs."

## II. Discussion

On appeal, Harris first argues the district court improperly "tethered" the reduced sentence to an inflated 240 month mandatory minimum that the First Step Act reduced to 120 months. "Tethered" is counsel's choice of words. It has no legal or sentencing bona fides; worse yet, it is analytically wrong. The district court simply began its analysis, as the First Step Act required, with the sentence sought to be reduced. The court accurately noted that sentence was a substantial downward variance from the applicable guideline range and concluded the initial variance had eliminated excessiveness the First Step Act was intended to remedy. In evaluating the existing sentence, the court also considered postsentence rehabilitation and the 18 U.S.C. § 3553(a) sentencing factors, consistent with our First Step Act decision in United States v. Williams, 943 F.3d 841 (8th Cir. 2019); see United States v. Shaw, 957 F.3d 734, 740-42 (7th Cir. 2020); United States v. Allen, 956 F.3d 355, 357-58 (6th Cir. 2020). There was no procedural or legal error. See First Step Act § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.").

Harris further argues the 216 month sentence is substantively unreasonable, arguing the district court gave significant weight to the improper factor of the repudiated mandatory minimum and failed to give sufficient weight to the fact that he would not be a career offender if resentenced under the current advisory guidelines. We review this issue under a deferential abuse-of-discretion standard. United States v. Huston, 744 F.3d 589, 593 (8th Cir. 2014). Harris does not argue the current advisory guidelines *must* be applied in First Step Act resentencing. Therefore, we need not consider this contention, which would be inconsistent with our decision in Williams and has been rejected by other circuits. See United States v. Foreman,

958 F.3d 506, 510-12 (6th Cir. 2020); <u>United States v. Hegwood</u>, 934 F.3d 414, 418-19 (5th Cir. 2019); <u>United States v. Carter</u>, 792 F. App'x 660, 663-64 (11th Cir. 2019) (unpublished).  However, the § 3553(a) factors in First Step Act sentencing may include consideration of the defendant's advisory range under the current guidelines.  <u>Cf.</u> <u>United States v. Smith</u>, 954 F.3d 446, 452 & n.8 (1st Cir. 2020).

Harris argues his sentence is substantively unreasonable because it is almost ten years higher than his range of 110-137 months under the current advisory guidelines.  Harris made the district court aware that he may not be a career offender under the current guidelines.  But after reviewing the entire record, the court concluded that the initial 240-month sentence reflected substantial leniency given Harris's lack of acceptance of responsibility, likely perjury at trial, and disrespectful conduct at sentencing.  Thus, viewed from the First Step Act's perspective, the sentence was not excessive or harsh.  The court then recognized that Harris's postsentence conduct reflected positive educational and vocational rehabilitation efforts but also numerous conduct violations while in prison.  Balancing these positives and negatives, the court granted Harris a significant 24-month sentence reduction.  A district court has wide latitude to weigh the § 3553(a) factors and assign some factors greater weight than others in determining an appropriate sentence.  <u>See, e.g.</u>, <u>United States v. Reynolds</u>, 643 F.3d 1130, 1136 (8th Cir. 2011).  The court did not abuse its substantial sentencing discretion or impose a substantively unreasonable sentence by declining to reduce Harris's sentence below 216 months imprisonment.

The judgment of the district court is affirmed.

_____