# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-1276
_____

United States of America

*Plaintiff - Appellee*

v.

Delon Black

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Waterloo
_____

Submitted: January 11, 2021
Filed: March 30, 2021
_____

Before GRUENDER, BENTON, and STRAS, Circuit Judges.
_____

GRUENDER, Circuit Judge.

Delon Black pleaded guilty to one count of knowingly possessing with intent to distribute at least fifty grams of a mixture or substance containing crack cocaine. *See* 21 U.S.C. § 841(a)(1), (b)(1)(A).  In March 2004, the district court[1] sentenced

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

him to 262 months' imprisonment and five years' supervised release. In February 2019, Black moved to reduce his sentence pursuant to the First Step Act of 2018. The district court denied his motion. We affirm.

Under the First Step Act, a district court may reduce the sentence of prisoners who received sentences for offenses whose penalties were modified by the Fair Sentencing Act of 2010. *United States v. Howard*, 962 F.3d 1013, 1014 (8th Cir. 2020). Importantly, though, the First Step Act expressly disclaims any requirement to reduce a sentence. First Step Act of 2018, Pub. L. No. 115-391, § 404(c), 132 Stat. 5194, 5222; *United States v. Hoskins*, 973 F.3d 918, 921 (8th Cir. 2020). The district court's analysis "proceeds in two steps," first determining whether the defendant is eligible for a reduction and then deciding whether to exercise its discretion to grant such reduction. *United States v. McDonald*, 944 F.3d 769, 772 (8th Cir. 2019). Here, the district court concluded that Black was eligible for a reduction but declined to exercise its discretion to reduce Black's sentence. We review this decision for an abuse of discretion. *Howard*, 962 F.3d at 1014.

In declining to exercise its discretion, the district court explained that Black's "offense conduct [was] very serious"—his conviction involved possessing roughly 116 grams of cocaine base while in a car with an eleven-year-old child. The district court also relied on Black's extensive criminal history, which began with an armed robbery when he was fifteen years old and included two domestic assaults, prior possession of crack cocaine, and an assault on a peace officer. Further, the district court noted that, while imprisoned, Black twice fought with other inmates, once as recently as 2019. Noting Black's propensity for violence, the district court concluded that Black was "likely to recidivate when released" and still "pose[d] a threat to the safety of the community." Considering the district court's careful analysis and its broad discretion under the First Step Act, we find no abuse of discretion in the district court's decision to deny Black's requested sentence reduction.

Black's contrary arguments are unpersuasive.  He first claims that the district court's reasoning was too cursory "to facilitate meaningful appellate review."  *See United States v. Williams*, 943 F.3d 841, 843 (8th Cir. 2019) ("[T]he sentencing judge should set forth enough to satisfy the appellate court that she has considered the parties' arguments and has a reasoned basis for exercising her own legal decisionmaking authority." (internal quotation marks and brackets omitted)).  Not so.  As discussed, the district court thoroughly considered Black's circumstances.  And we have previously affirmed First Step Act denials involving less robust explanations.  *See Howard*, 962 F.3d at 1015 (holding that the court's "plain statement" that "this is not a case in which [it] would exercise its discretion" "close[d] the matter").

Black next points out that, if calculated today, his advisory sentencing guidelines range would be 188 to 235 months' imprisonment.  From there, he argues that the district court's refusal to reduce his 262-month sentence constitutes an unlawful sentence increase.  But denying a First Step Act sentence-reduction request is not the same as imposing a new sentence.  Indeed, we have repeatedly rejected this premise by declining to impose sentencing procedures upon the First Step Act process.  *See Williams*, 943 F.3d at 843 (explaining differences between the First Step Act and statutes governing initial sentences and holding district courts need not hold hearings for the former); *Hoskins*, 973 F.3d at 921 ("[T]he First Step Act does not mandate that district courts analyze the section 3553 factors . . . .").  Accordingly, the district court did not impose an unlawful sentence increase; it merely declined to exercise its discretion to grant a sentence reduction.

Relatedly, citing *United States v. Smith*, 959 F.3d 701 (6th Cir. 2020), Black claims that the district court's denial constituted an upward variance and thus required special justification that the district court failed to provide.  True, in *Smith*, the Sixth Circuit required the district court to provide a "significant justification" for denying a First Step Act reduction when the sentence was substantially above the updated sentencing guidelines range.  *Id.* at 703-04.  *But see United States v. Williams*, 817 F. App'x 164, 167-68 (6th Cir. 2020) (stating that "*Smith* is not the

Rosetta Stone of sentencing appeals" and distinguishing it factually).  But whatever the law may be in the Sixth Circuit, our approach is different.  *See United States v. Johnson*, 813 F. App'x 253, 254 (8th Cir. 2020) (Kelly, J., concurring) (observing a difference between our jurisprudence and *Smith*).  Indeed, just earlier this month we rejected the "contention [that a] court imposed an 'upward variance' when it declined to reduce a sentence above the top of [the] modified guidelines range under the Fair Sentencing Act" as "misconstru[ing] the nature of a discretionary sentence reduction under the First Step Act."  *United States v. Barrow*, No. 20-1649, 2021 WL 942930, at *1-2 (8th Cir. Mar. 12, 2021) (per curiam) (unpublished); *see also United States v. Harris*, 960 F.3d 1103, 1106-07 (8th Cir. 2020) (affirming denial even though the ongoing sentence was "almost ten years higher than [the] range . . . under the current advisory guidelines").  Black's upward-variance argument accordingly fails.

Black's remaining arguments merely take issue with the way the district court balanced the particular factors in his case.  But "[a] district court has wide latitude to weigh the [relevant] factors and assign some factors greater weight than others in determining an appropriate sentence."  *Harris*, 960 F.3d at 1107; *see also Hoskins*, 973 F.3d at 922 ("The district court was the original sentencing court and thus was uniquely positioned to consider the many factors necessary in exercising its ultimate discretion.").  Black's disagreement with the way the district court weighed the factors in this case falls well short of demonstrating an abuse of discretion.  *See Williams*, 943 F.3d at 844 (affirming district court's denial of a First Step Act motion because it considered the parties' "arguments and ha[d] a reasoned basis for its decision").

We thus affirm the district court's denial of Black's First Step Act motion.

_____