# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-1811
_____

United States of America

*Plaintiff - Appellee*

v.

Rodney Harper

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Arkansas - Harrison
_____

Submitted: March 15, 2021
Filed: July 13, 2021
[Unpublished]
_____

Before GRUENDER, KELLY, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Rodney Harper challenges the denial of his sentence-reduction motion under the First Step Act. We affirm.

After Harper pled guilty to a crack-cocaine offense, *see* 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii), and to a firearm offense, *see* 18 U.S.C. § 924(c)(1)(A), the district

court[1] sentenced him to serve 211 months in prison and a five-year supervised-release term. During Harper's imprisonment, the district court twice reduced his prison sentence to reach an eventual 180-month total.

After those 180 months passed and Harper was released, Harper pled guilty to three new state drug-related charges. Based on those uncontested state crimes, the district court concluded that Harper violated his supervised release by committing more crimes. And so it revoked his release and imposed a 36-month sentence.[2]

Harper (first on his own and then through counsel) asked the district court to exercise its First-Step-Act discretion to reduce his sentence to time served—meaning that he sought immediate release from prison. First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222; *see also United States v. Hoskins*, 973 F.3d 918, 921 (8th Cir. 2020). The district court declined to do so.

Under the First Step Act, the district court first "determin[es] whether the defendant is eligible for a reduction." *United States v. Black*, 992 F.3d 703, 704 (8th Cir. 2021). And second, it "decid[es] whether to exercise its discretion to grant such reduction." *Id.* Because everyone agrees on Harper's eligibility for First-Step-Act relief, we decide only whether denying that relief amounted to an abuse of discretion.

In evaluating the second step, a district court can—but need not—use the 18 U.S.C. § 3553(a) sentencing factors. *See United States v. Holder*, 981 F.3d 647, 650 (8th Cir. 2020). If "the record reveals that the district court 'expressly recognized and exercised its discretion,' it need not 'make an affirmative statement

---

[1]The Honorable Susan O. Hickey, Chief Judge, United States District Court for the Western District of Arkansas.

[2]The Supreme Court views a post-revocation sentence like this one "as part of the penalty for the initial offense." *United States v. Haymond*, 139 S. Ct. 2369, 2379–80 (2019) (quoting *Johnson v. United States*, 529 U.S. 694, 700 (2000)).

acknowledging its broad discretion under Section 404.'" *Id.* (quoting *United States v. Booker*, 974 F.3d 869, 871 (8th Cir. 2020)). On appeal, we look at whether the sentencing court's explanation convinces us that it considered the parties' arguments and had a reasoned basis for exercising its authority. *See id.*

Here, no one disputes that the district court acknowledged its First-Step-Act discretion. And the district court considered the parties' arguments.

In particular, the district court considered Harper's argument that the revocation sentence pushed him over his underlying sentencing range for the drug charge under the First Step Act. It also considered Harper's argument that the First Step Act and the Fair Sentencing Act aimed to reduce crack-cocaine sentences and that lowering Harper's sentence would serve those ends.

The district court rejected both arguments. It viewed the federal sentencing scheme as geared toward deterring supervised-release violations, not rewarding them. And in zeroing in on Harper's specific supervised-release violations, the district court reasoned that lowering the sentence would effectively bless his breach of trust while raising recidivism and safety concerns. Given this record, we conclude that the district court adequately explained why it did not lower Harper's sentence. As a result, we conclude that it did not abuse its discretion.

For these reasons, we affirm the district court's judgment.

_____