# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 20-1622

———————————————

United States of America,

*Plaintiff - Appellee,*

v.

Erroll Flynn Shepard, also known as Vincent Melow, also known as E,

*Defendant - Appellant.*

—————————

Appeal from United States District Court
for the District of Nebraska - Omaha

—————————

Submitted: April 12, 2021
Filed: August 9, 2021

—————————

Before SMITH, Chief Judge, COLLOTON and ERICKSON, Circuit Judges.

—————————

COLLOTON, Circuit Judge.

Erroll Shepard appeals an order of the district court[1] declining to impose a reduced sentence under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat.

———————————————

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska, now deceased.

5194. We conclude that the district court did not abuse its discretion, and we affirm the order.

In 2004, a jury found Shepard guilty of conspiracy to distribute or possess with intent to distribute 50 grams or more of cocaine base. 21 U.S.C. §§ 846, 841(a)(1), (b)(1) (2001). The district court sentenced him to 360 months' imprisonment. On appeal, this court affirmed Shepard's conviction, but remanded for resentencing. *United States v. Shepard*, 462 F.3d 847, 853, 874 (8th Cir. 2006). In 2007, the district court resentenced Shepard. In calculating an advisory sentencing guideline range, the court determined that Shepard qualified as a career offender under USSG § 4B1.1, and arrived at an advisory range of 360 months to life imprisonment based on a total offense level of 37 and criminal history category of VI. The court varied downward from the range and imposed a term of 300 months.

Under the First Step Act, a court that imposed a sentence for an offense whose penalties were modified by the Fair Sentencing Act of 2010 may impose a reduced sentence. Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222. But nothing in the First Step Act "shall be construed to require a court to reduce any sentence." *Id.* § 404(c).

In 2020, Shepard moved to reduce his sentence under the First Step Act. The district court determined that Shepard was eligible for relief under the Act, but noted that his advisory guideline range remained at 360 months to life imprisonment. The court then denied Shepard's motion, noting that it had already granted a substantial downward variance, his criminal history was "extensive and violent," and his sentence exceeded the prior statutory minimum. The court further observed that "[o]ther arguments" raised by Shepard were addressed in prior orders "and will not be revisited here." In sum, the court concluded that "a discretionary reduction in [Shepard's] sentence under the First Step Act is not warranted." We review this

decision for abuse of discretion. *United States v. McDonald*, 944 F.3d 769, 771 (8th Cir. 2019).

On appeal, Shepard contends that the district court abused its discretion by placing undue weight on his criminal history and by failing to consider his post-sentencing rehabilitation, changes in sentencing policy, and an intervening change in law that allegedly nullifies his status as a career offender under the guidelines. On careful consideration of the district court's order, we see no abuse of discretion.

Shepard argues that the court committed a clear error of judgment in describing his criminal history as "extensive and violent," because the court earlier said at the resentencing in 2007 that Shepard's criminal history was "not as bad as many that we see in this court." The court's full statement at resentencing, however, was that "although his criminal history is not good, it is not as bad as many that we see in this court." There is no inconsistency between the court's statement in 2007 that Shepard's criminal history was "not good" and its statement in 2020 that his criminal history was "extensive and violent," even if Shepard's criminal record was "not as bad" as many the court had seen as of 2007. A district court has wide latitude to weigh the relevant factors and to assign some greater weight than others in determining an appropriate sentence. *United States v. Harris*, 960 F.3d 1103, 1107 (8th Cir. 2020). We see no clear error of judgment in the district court's conclusion that Shepard's criminal history is "extensive and violent," or its decision to weigh that factor more heavily than Shepard's allegedly declining risk of recidivism due to age.

Shepard contends that the court abused its discretion by failing to consider his rehabilitation after sentencing. The court did not discuss Shepard's argument on this point, but it never stated that it lacked the authority to consider evidence of rehabilitation. A district court "may, but need not," consider the factors under 18 U.S.C. § 3553(a) when reviewing a motion under the First Step Act. *United States v. Moore*, 963 F.3d 725, 727 (8th Cir. 2020). And nothing in the First Step Act

requires a court to reduce a sentence based on post-sentencing rehabilitation. *United States v. Stallings*, 2 F.4th 763, 765 (8th Cir. 2021). The court thus did not abuse its discretion by failing to address explicitly Shepard's arguments about his post-sentencing rehabilitation.

Nor did the court abuse its discretion by failing to consider Shepard's argument that "public policy" with respect to his crime has changed, and that sentencing disparities between offenses involving crack cocaine and powder cocaine have been reduced. The court did not expressly discuss this argument, but it observed that "[o]ther arguments" raised in Shepard's brief were addressed in prior orders and "will not be revisited here." One of the cited orders was the court's rejection of Shepard's motion in 2012 for a sentence reduction based on retroactive amendments to the crack cocaine guidelines that were designed to reduce sentencing disparities between crack and powder cocaine offenses. In that order, the court ruled that Shepard's sentence was not based on a sentencing range attributable to the former crack cocaine guideline because he was sentenced as a career offender.

Shepard contends, however, that the court could not have considered the "overall change" in sentencing policy in its prior order, because the First Step Act itself represents a significant change in policy, and it was not enacted until after the prior order. But in determining whether Shepard was eligible for relief under the First Step Act and then deciding, in its discretion, whether to grant a reduction, the district court did what the First Step Act requires. *See McDonald*, 944 F.3d at 772. By referring to its prior order, the court signaled its view that changes in sentencing policy for cocaine offenses were not a persuasive reason to reduce Shepard's sentence as a career offender. We presume that the court also considered the incremental policy changes embodied by the First Step Act, which "expressly disclaims any requirement to reduce a sentence." *United States v. Black*, 992 F.3d 703, 704 (8th Cir. 2021).

Shepard argues that the district court abused its discretion by failing to consider his argument that he no longer qualifies as a career offender. In *United States v. Bankston*, 901 F.3d 1100 (9th Cir. 2018), the Ninth Circuit held that a robbery conviction under California Penal Code § 211 is not categorically a crime of violence. *Id.* at 1103-04. One of Shepard's prior convictions supporting his career offender status is a conviction for robbery under the same statute, and he argues that the district court should have reconsidered his status as a career offender in light of *Bankston*. The First Step Act, however, permits a district court to impose a reduced sentence "as if sections 2 and 3 of the Fair Sentencing Act of 2010" were in effect at the time of the defendant's offense, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222; it does not require a court to consider other changes in the law since the defendant's original sentencing. *United States v. Burnell*, 2 F.4th 790, 792-93 (8th Cir. 2021). The court thus did not err by declining to address this argument or by treating Shepard as a career offender for purposes of calculating his current guideline range. *See Harris*, 960 F.3d at 1106; *United States v. Maxwell*, 991 F.3d 685, 689-90 (6th Cir. 2021). Any error was also harmless. The court squarely stated that "a discretionary reduction in [Shepard's] sentence under the First Step Act is not warranted," and nothing in the First Step Act required it to grant relief based on Shepard's challenge to his career offender status.

We are satisfied that the district court conducted the review required by the First Step Act. *See United States v. Williams*, 943 F.3d 841, 844 (8th Cir. 2019). The court noted that Shepard's 300-month sentence is "well below" his guideline range, characterized his criminal history as "extensive and violent," and exercised its broad discretion to forego a sentence reduction on that basis. Although the order did not explicitly address all of the arguments Shepard made in support of his motion, not every reasonable argument advanced by a defendant requires a specific rejoinder by the judge. *United States v. Gray*, 533 F.3d 942, 944 (8th Cir. 2008). The district court was the original sentencing court and presided over Shepard's prior motions to reduce sentence. The court "thus was uniquely positioned to consider the many

factors necessary in exercising its ultimate discretion," and its "plain statement regarding its decision not to exercise its discretion" to reduce Shepard's sentence "closes the matter." *United States v. Howard*, 962 F.3d 1013, 1015 (8th Cir. 2020).

The judgment of the district court is affirmed.

_____