# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-3444
_____

United States of America

*Plaintiff - Appellee*

v.

Maurice Pennington

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa
_____

Submitted: October 18, 2021
Filed: November 30, 2021
[Unpublished]
_____

Before GRUENDER, BENTON, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Maurice Pennington was charged with one count of distribution and aiding and abetting the distribution of five grams or more of crack cocaine after a single prior felony drug conviction in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 851, and 18 U.S.C. § 2, and with conspiracy to distribute more than fifty grams of crack cocaine after a prior felony drug conviction in violation of 21 U.S.C.

§§ 841(a)(1), (b)(1)(A), 846, and 851.  The district court[1] sentenced Pennington in 2004 to 252 months' imprisonment on each count, to run concurrently, followed by 8 years' supervised release on the distribution count and 10 years' supervised release on the conspiracy count, also to run concurrently.

In 2020, Pennington moved for a sentence reduction under the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222.   The district court agreed that Pennington "committed a covered offense and is potentially eligible for relief pursuant to § 404," but "exercise[d] its discretion to deny [Pennington's] motion." Pennington appeals.

We review for an abuse of discretion a district court's decision to deny a sentence reduction under the First Step Act.  *United States v. McDonald*, 944 F.3d 769, 771 (8th Cir. 2019).   Although "the First Step Act expressly disclaims any requirement to reduce a sentence," *United States v. Black*, 992 F.3d 703, 704 (8th Cir. 2021), the district court must conduct a complete review of the defendant's motion for a sentence reduction, meaning the court must consider the arguments made in the motion and have a "reasoned basis for its decision," *United States v. Moore*, 963 F.3d 725, 728 (8th Cir. 2020).

Pennington offers three arguments for why the district court abused its discretion in denying his motion.  None is persuasive.

First, Pennington argues that "the district court failed to appreciate its broad authority to reduce . . . Pennington's sentence below the applicable guideline range." In fact, however, the district court "expressly recognized and exercised its discretion," *see United States v. Holder*, 981 F.3d 647, 650 (8th Cir. 2020), noting that Pennington was potentially eligible for a sentence reduction but stating that it would "exercise[] its discretion to deny" Pennington's motion.

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

Second, Pennington argues that the district court erred when it "refus[ed] to consider what . . . Pennington's sentence might have been had he been sentenced for the same crimes after the First Step Act." At the time of his initial sentencing, Pennington's Illinois felony drug possession conviction qualified him for enhanced minimum prison and supervised release terms. *See* 21 U.S.C. § 841(b)(1)(C). If he had been sentenced after the First Step Act, his conviction would not have qualified him for the enhancement. *See* First Step Act § 401(a)(1). In fact, the district court did consider this argument, noting that it did not affect Pennington's eligibility for a sentence reduction because the relevant changes were not made retroactive. *See* First Step Act § 401(c) (providing that the changes made by the Act "to the types of prior convictions that can be used to modify one's sentence are not retroactively applicable"). Pennington's grievance appears to be that the district court considered this argument only when assessing his eligibility for a sentence reduction under § 401 but did not specifically address this argument with respect to his request for a sentence reduction once the court determined that he was eligible under § 404. "This is the type of argument we consistently reject in considering attacks on a district court's sentencing discretion--the court did not expressly discuss my contention so it was not properly considered." *United States v. Booker*, 974 F.3d 869, 872 (8th Cir. 2020). The district court's discussion of Pennington's criminal history, his disciplinary record in the Bureau of Prisons, and the § 3553(a) factors was more than sufficient to assure us that it "had a reasoned basis for its decision." *See Moore*, 963 F.3d at 728; *Booker*, 974 F.3d at 872. Specifically, the court considered the large amount of crack cocaine possessed by Pennington; Pennington's possession of a weapon in connection with the offense; his leadership role in his offense; and his "aggressive behavior" in prison, including "fighting, assaults and possession of intoxicants, weapons, and hazardous tools." The court also noted that Pennington "is at high risk to recidivate" and "is a risk of danger in the community." In light of the above, the district court did not abuse its discretion in denying Pennington's motion for a sentence reduction.

-3-

Lastly, Pennington argues that the district court abused its discretion when it "improperly declined to reduce . . . Pennington's term of supervised release, even though the new guideline terms of supervised release were lower." According to Pennington, this means that the district court's denial of his motion for a sentence reduction amounts to an upward variance requiring a more robust explanation than the district court provided. Our decision in *Black* forecloses this argument. *See* 992 F.3d at 705-06 (rejecting the defendant's argument "that the district court's denial [of his First Step Act motion] constituted an upward variance [because his sentence was above the modified guidelines range] and thus required special justification that the district court failed to provide"). Because it had a "reasoned basis" for its decision, *see United States v. Williams*, 943 F.3d 841, 844 (8th Cir. 2019), the district court did not abuse its discretion when it declined to reduce Pennington's term of supervised release, *see Black*, 992 F.3d at 705-06 (affirming the district court's decision to deny a sentence reduction to an eligible defendant on the basis of the defendant's "extensive criminal history" and his conduct in prison).

For the forgoing reasons, we affirm the district court's denial of Pennington's motion for a reduced sentence under the First Step Act.

_____