# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 21-1435

———————————————

United States of America

*Plaintiff - Appellee*

v.

Christopher L. Coleman

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Missouri - Kansas City

——————————

Submitted: January 10, 2022
Filed: February 28, 2022
[Unpublished]

——————————

Before LOKEN, GRUENDER, and ERICKSON, Circuit Judges.

——————————

PER CURIAM.

Christopher Coleman appeals from the district court's[1] order reducing his sentence pursuant to Section 404 the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018). Coleman argues the district court abused its discretion

———————————

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

when it failed to grant a greater sentence reduction because it insufficiently considered certain factors, including a continued unwarranted sentencing disparity between crack and powder cocaine offenses, and because it gave too much weight to his status as a career offender. We find no abuse of discretion and we affirm.

A jury convicted Coleman in 2008 of conspiracy to distribute 50 or more grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, & 851, and aiding and abetting the distribution of five or more grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2. Because of Coleman's two prior felony drug convictions and an escape conviction, he was sentenced by the district court to a statutorily mandated minimum sentence of life imprisonment on the conspiracy count and a concurrent 480 months on the distribution count. He was also sentenced to supervised release terms of ten and five years, respectively, in the event he was ever released from prison. Coleman's convictions were affirmed on appeal. See United States v. Coleman, 584 F.3d 1121 (8th Cir. 2009). In 2017, President Obama granted Coleman executive clemency and commuted his sentence to a total of 300 months' imprisonment.

In March 2019, Coleman moved, *pro se*, for a sentence reduction under the First Step Act. The district court appointed the Federal Public Defender's Office to represent him. In April 2020, counsel filed an amended motion, noting the change in the statutory penalties from mandatory life imprisonment to ten years to life on the conspiracy count and from mandatory forty years to a maximum of twenty years on the distribution count. The district court found Coleman eligible for relief under the First Step Act and set the matter for a re-sentencing hearing.

At the re-sentencing hearing, the government opposed a sentence reduction for a number of reasons, including the serious nature of the offense involving 3,950 grams of cocaine base, Coleman's criminal history, the threats he made to co-defendants if they cooperated with the government at trial, his refusal to accept responsibility at trial, the fact that he remains a career offender under the Sentencing Guidelines, and because he has already received a sentence reduction through

commutation by the President. Coleman responded to two areas where the court directed defense counsel's attention: (1) the relief afforded in the clemency process which had considered the same factors before the court; and (2) the impact of the non-career offender range, which under the facts of Coleman's case would be 235 to 295 months. Coleman also argued that his youth and lack of guidance could account for his criminal history at the time of the offense and that particular attention and weight should be given to: (1) his positive post-sentencing conduct; and (2) continued unwarranted disparity between crack and powder cocaine offenses. Coleman requested a sentence that would have resulted in his immediate release from custody: 180 to 185 months.

After listening to the thorough arguments from each side, the district court acknowledged this was a difficult case to decide. The court noted the law allowed it to look at "the whole picture." In doing so, it found that a sentence of concurrent terms of 210 months was sufficient but not greater than necessary and satisfied the sentencing factors in 18 U.S.C. § 3553. The district court also reduced Coleman's term of supervised release to eight years on the conspiracy count, and three years on the distribution count, to run concurrently.

Coleman argues the district court erred by giving too much weight to his career offender status. Coleman does not dispute that he is a career offender and instead argues the district court inappropriately grounded the new sentence in the career offender guideline range of 360 to life. His argument is belied by the record. A review of the sentencing transcript indicates the district court considered the parties' arguments regarding whether Coleman should be treated as a career offender or non-career offender. The record makes plain that the court fashioned its reduced sentence based on its assessment of Coleman's complete background, including his conduct while in custody. "Because the district court considered [Coleman's] arguments and had a reasoned basis for its decision, it did not abuse its discretion." United States v. Williams, 943 F.3d 841, 844 (8th Cir. 2019).

Coleman also argues the district court erred by failing to consider the sentencing disparity that continues to exist between crack and powder cocaine offenses. Coleman contends that even after the passage of the Fair Sentencing Act, the distribution of crack cocaine is unjustifiably punished more severely than the distribution of powder cocaine. In response to the court's inquiry about whether this issue was considered during the clemency process, Coleman argued that while it was likely considered, it probably was not fully considered in Coleman's case because he did not meet all the criteria for a grant of clemency.

When considering attacks on a district court's sentencing discretion, we do not require a district court to expressly discuss each contention made by the defendant. United States v. Booker, 974 F.3d 869, 871 (8th Cir. 2020). The record demonstrates the court did not abuse its discretion as it considered the parties' extensive arguments, acted within its discretion in weighing the sentencing factors, and expressed a reasoned basis for its decision. See United States v. Black, 992 F.3d 703, 706 (8th Cir. 2021) (defendant's disagreement with how the district court weighed the factors in First Step Act reduction denial falls short of demonstrating abuse of discretion).

Because the district court did not abuse its substantial sentencing discretion, the judgment of the district court is affirmed.

_____