# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-1347

_____

United States of America

*Plaintiff - Appellee*

v.

Brian L. McDaniel, also known as Barrion

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Joplin

_____

Submitted: January 11, 2022
Filed: April 19, 2022
[Unpublished]

_____

Before LOKEN, GRUENDER, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

In 2007, Brian L. McDaniel pleaded guilty to conspiracy to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a), 846. The sentencing court calculated an advisory sentencing guidelines range of 262 to 327 months' imprisonment based in part on its conclusion that McDaniel qualified as a career offender. In 2019, McDaniel moved for a sentence reduction pursuant to the

First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222. The district court[1] determined that McDaniel was eligible for a reduction but declined to exercise its discretion to grant him one. The district court explained that it based its decision on the nature and circumstances of the offense and McDaniel's characteristics and criminal history, which included a conviction for first-degree murder. *See State v. McDaniel*, 236 S.W.3d 127, 129 (Mo. Ct. App. 2007). According to the district court, these considerations justified maintaining McDaniel's 240-month sentence even though, under current law, "possibly he wouldn't be a career-offender" and thus would have a lower guidelines range. McDaniel appeals.

We review the denial of a First Step Act sentence reduction to an eligible defendant for an abuse of discretion. *United States v. McDonald*, 944 F.3d 769, 771 (8th Cir. 2019). According to McDaniel, the district court abused its discretion in two ways.

First, McDaniel argues that the district court abused its discretion by failing to calculate what his guidelines range would be under current law and to explain why the 18 U.S.C. § 3553(a) factors continue to justify his sentence even though it substantially exceeds the upper end of this range. While making this argument to preserve it for further review, McDaniel concedes that it is foreclosed by circuit precedent binding this panel. *See United States v. Stallings*, 2 F.4th 763, 765 (8th Cir. 2021) (noting that we have "permitted (but . . . not require[d]) the sentencing court to consider the current advisory Guidelines range when deciding whether to reduce under the First Step Act"); *United States v. Moore*, 963 F.3d 725, 727 (8th Cir. 2020) (holding that "a district court may, but need not, consider the [§ 3553(a)] factors" when deciding whether to grant a First Step Act sentence reduction to an eligible defendant); *cf. United States v. Holder*, 981 F.3d 647, 651 (8th Cir. 2020) (indicating that even when the district court might be required to recalculate the

---

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

defendant's guidelines range, its failure to do so properly may be harmless if it would have denied the motion anyway). Accordingly, though McDaniel is free to urge the *en banc* court or the Supreme Court to overrule our precedent, he has waived any argument that our precedent as it currently stands permits us to reverse on the ground that the district court failed to recalculate his guidelines range and to explain its decision with reference to the § 3553(a) factors. *See United States v. Lucas*, 521 F.3d 861, 867 (8th Cir. 2008) ("[O]nly the en banc court may overrule prior circuit precedent."); *United States v. Demilia*, 771 F.3d 1051, 1055 (8th Cir. 2014) ("[A] right—such as the right to have recourse to a legal rule or argument—is waived when it is intentionally relinquished or abandoned." (internal quotation marks omitted)).

Second, McDaniel argues that the district court abused its discretion by placing too much weight on his murder conviction and not enough weight on his good conduct in prison. We disagree. "[N]othing in the First Step Act requires a court to reduce a sentence based on post-sentencing rehabilitation." *United States v. Shepard*, 8 F.4th 729, 732 (8th Cir. 2021). And McDaniel's criminal history was a legitimate factor for the district court to consider when deciding whether to reduce his sentence. *See United States v. Black*, 992 F.3d 703, 705 (8th Cir. 2021). The district court had "wide latitude to weigh the relevant factors and assign some factors greater weight than others," and McDaniel's "disagreement with the way the district court weighed the factors in this case falls well short of demonstrating an abuse of discretion." *See id.* at 706 (brackets omitted); *cf. Stallings*, 2 F.4th at 765-66 (affirming the denial of a First Step Act sentence reduction because the district court "considered the parties' arguments and had a reasoned basis for" its decision (brackets omitted)); *United States v. Williams*, 943 F.3d 841, 844 (8th Cir. 2019) (concluding that the district court "did not abuse its discretion by considering the [defendant's] rehabilitation, but not adjusting the sentence" under the First Step Act in part because of the defendant's criminal history).

Because McDaniel has not shown that the district court abused its discretion, we affirm the denial of his motion for a First Step Act sentence reduction.

_____