**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

MARQUIS DONTE BROWN,
*Defendant-Appellant*.

No. 20-50313

D.C. No.
3:19-cr-05296-
LAB-1

OPINION

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted May 10, 2022
Pasadena, California

Filed August 2, 2022

Before: M. Margaret McKeown and Sandra S. Ikuta,
Circuit Judges, and George B. Daniels,[*] District Judge

Opinion by Judge Daniels

---

[*] Honorable George B. Daniels, United States District Judge for the Southern District of New York, sitting by designation.

## SUMMARY[**]

### Criminal Law

The panel affirmed a sentence imposed following Marquis Brown's guilty plea to importing methamphetamine under 21 U.S.C. §§ 952 & 960.

Brown contended that the district court committed a procedural error because it improperly enhanced his sentence in violation of the First Step Act of 2018. The First Step Act, which in part amended 18 U.S.C. § 3553(f), proscribes, *inter alia*, district court judges from using information disclosed by a defendant in a safety valve proffer to enhance a sentence unless the information relates to a violent offense. Despite the district court imposing a sentence that is below his guidelines range, Brown argued that the court ran afoul of this proscription when it relied on information from his safety valve proffer to deny him a further sentence reduction. The panel held that the district court did not impose an improper sentence "enhancement" of a sentence under 18 U.S.C. § 3553(f)(5). The panel wrote that the district court's imposition of a sentence not just below the mandatory minimum, but also below the low end of Brown's guidelines range, after considering a host of aggravating mitigating factors, does not constitute an enhancement; and that the failure to reduce a sentence is not an enhancement.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel also held that the sentence is substantively reasonable, rejecting Brown's arguments concerning a disparity with similarly situated offenders and the district court's application and weighing of the 18 U.S.C. § 3553(a) factors.

## COUNSEL

Robert L. Swain (argued), Attorney, San Diego, California, for Defendant-Appellant.

Mark R. Rehe (argued), Assistant United States Attorney; Daniel E. Zipp, Assistant United States Attorney, Chief, Appellate Section, Criminal Division; Randy S. Grossman, United States Attorney; United States Attorney's Office, San Diego, California; for Plaintiff-Appellee.

## OPINION

DANIELS, District Judge:

In this case, Appellant Marquis Brown was arrested for smuggling drugs across the border. He pleaded guilty to the charge and faced a statutory ten-year mandatory minimum sentence. He subsequently took advantage of a safety valve proffer and became safety valve eligible for a sentence below the mandatory minimum sentence. The district court imposed a 78-month sentence. That sentence was below Brown's guidelines range of 108–135 months, but above the 71 months requested by the government, and the 42 months recommended by his attorney and the Probation Department.

Brown now appeals, arguing that his sentence was procedurally defective because the district court improperly relied on information he disclosed in his safety valve proffer to "enhance" his sentence. [1]  Brown also challenges the substantive reasonableness of his sentence.  We affirm the sentence imposed by the district court because as a matter of law his sentence was not "enhanced," and there was nothing unreasonable about the sentence imposed.

## I.  FACTUAL BACKGROUND

Brown was arrested on December 8, 2019, when he was caught driving into the United States from Mexico smuggling roughly 30.38 kilograms (67 pounds) of methamphetamine, a Schedule II Controlled Substance. Brown had his wife, and nine-year-old stepson in the car with him when he was arrested.[2]  He ultimately pleaded guilty to one count of importing 500 grams or more of methamphetamine under 21 U.S.C. §§ 952 & 960.  His plea agreement preserved the right for him to appeal if he received a sentence "above the greater of 71 months or the statutory mandatory minimum term, if applicable."  The Probation Department determined that Brown's guidelines range was 108–135 months.  However, the presentence report ("PSR") conditionally recommended a sentence of 42 months, if Brown was safety valve eligible.

---

[1] At sentencing the district court made reference to the fact that during his safety valve proffer, Brown admitted he had smuggled drugs on three prior occasions.

[2] Brown's wife was originally charged with Brown, but he informed law enforcement that she had no knowledge that he was smuggling drugs.

Brown provided a safety valve proffer to the Government. During the proffer session, Brown disclosed details about how much he was paid to smuggle drugs, how he received the car he traveled in, and the process he went through to try to evade law enforcement (known as "burning the plate" of his car). Importantly, during his proffer, Brown disclosed he made three prior drug-smuggling trips. The Government found that Brown qualified for safety valve relief pursuant to USSG § 5C1.2 and/or 18 U.S.C. § 3553(f). The Government agreed that Brown's guidelines range was 108–135 months, and recommended a sentence of 71 months. Brown's attorney's sentencing submission requested a sentence consistent with Probation's recommendation of 42 months.

During the sentencing proceeding, as well as in his sentencing submissions, defense counsel made sure to highlight various § 3553 factors that weighed in Brown's favor. Defense counsel highlighted Brown's family support, his low-level role as a drug carrier, his age, and future prospects. Defense counsel also contended that probation "routinely recommend[s] much lesser sentences in this district, in this type of case, even when the individual admits at the time of arrest it was the second or third time." Although the Government noted that Brown was safety valve eligible, it requested that the district court consider the large amounts of meth involved and Brown's previous drug-smuggling trips.

The district court accepted that Brown was safety valve eligible for a sentence below the mandatory minimum and agreed that Brown's guidelines range was 108–135 months. However, the district court disagreed with both parties on the extent to which Brown should receive a downward variance. The district court sentenced Brown to 78 months in custody

and five years of supervised release.[3]   The district court stated it would be "a disingenuous exercise" to sentence Brown even to the 71 months requested by the Government, given the fact that Brown had smuggled drugs on prior occasions.  The district court also found the facts that Brown brought a child with him, was involved with the drug organization for a long period, and received a considerable amount of money for his actions as relevant factors.  The district court ultimately found that a sentence of 78 months was fair after "giving every possible credit to the equities."

Brown timely appealed his sentence, challenging both the procedural and substantive reasonableness of the district court's imposition of a 78-month prison sentence.  On appeal Brown contends that the district court improperly relied on disclosures made in the safety valve proffer to enhance his sentence in violation of 18 U.S.C. § 3553(f)(5).  He also appeals his sentence on the grounds that it is substantively unreasonable because it is disparate compared to the sentences of similarly situated defendants and fails to properly apply all of the § 3553(a) factors and equities.

## II.  LEGAL STANDARD

We review de novo issues of statutory interpretation, including the meaning of "enhance" under 18 U.S.C. § 3553(f).  *See United States v. Paulk*, 569 F.3d 1094, 1094 (9th Cir. 2009).

We review a district court's sentencing decision for abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 46

---

[3] The District Judge also recommended Brown to the Bureau of Prisons Residential Drug Abuse Program, which could further reduce Brown's sentence to 68 months in custody if he were to complete the program.

(2007).  This standard applies to both procedural challenges (e.g., improperly considering certain facts) and substantive challenges to a district court's sentencing decision.  *United States v. Spangle*, 626 F.3d 488, 497 (9th Cir. 2010).  When reviewing a sentence determination, we "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance. The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court."  *Gall*, 552 U.S. at 51.

## III.  BROWN'S SENTENCE WAS NOT IMPROPERLY ENHANCED

Brown contends that the district court committed a procedural error because it improperly enhanced his sentence in violation of the First Step Act of 2018.  The First Step Act, which in part amended 18 U.S.C. § 3553(f), proscribes, *inter alia*, district courts judges from using information "disclosed by a defendant" in a safety valve proffer "to *enhance* the sentence of the defendant unless the information relates to a violent offense."  Pub. L. No. 115-391, 132 Stat. 5194 (Dec 21, 2018).  Despite the district court imposing a sentence that is below his guidelines range, Brown argues that the court ran afoul of this proscription when it relied on information from the safety valve proffer to deny him a further sentence reduction.[4]

Neither our circuit nor any other court has specifically interpreted "enhance" in this context.  "When interpreting a statute, 'our inquiry begins with the statutory text, and ends there as well if the [statute's] text is unambiguous.'"

---

[4] The parties agree that the Government did not charge Brown with a violent offense.

*Laidlaw's Harley Davidson Sales, Inc. v. Comm'r of Internal Revenue*, 29 F.4th 1066, 1070 (9th Cir. 2022) (quoting *United States ex rel. Hartpence v. Kinetic Concepts, Inc.*, 792 F.3d 1121, 1128 (9th Cir. 2015) (en banc) (alteration in original)).  This means we look at the words in the statute and apply "'their ordinary, contemporary, common meaning.'" *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 958 (9th Cir. 2013) (quoting *Perrin v. United States*, 444 U.S. 37, 42 (1979)).

"Enhance" means to "heighten, increase . . ." *Enhance, Merriam Webster Dictionary* (10th ed. 1998).  For purposes of the *Ex Post Facto* clause, the United States Supreme Court ruled that "enhance" is synonymous with "increase." *See California Dept. of Corrections v. Morales*, 514 U.S. 499, 505–06 (1995).  Specifically, the Supreme Court used the statement "to *enhance* the measure of punishment" interchangeably with "*increasing* the measure of punishment," when assessing whether a state law violated the *Ex Post Facto* clause.  *Id*. at 506, 514.

We have regularly held that the denial of a sentencing benefit or reduction is not an "increase in punishment." *See, e.g. United States v. Waters*, 771 F.3d 679 (9th Cir. 2014) (reviewing whether amendments to a statute violated a constitutional prohibition on when States can increase the punishment for a defendant's crime).  In *Waters*, the appellant argued that a statute the district court relied on to deny his request for sentence reduction violated the *Ex Post Facto* Clause.  *Id.* at 680.  We held that the amendments merely limited the appellant's ability to reduce his sentence and "[did] not increase the punishment for his crime[.]" *Id*. at 681.  Various courts have routinely upheld this principle. *See United States v. Kouwenhoven*, 602 F.2d 234, 238 (9th Cir. 1979) ("Denial of [a] motion for a sentence reduction

[does] not increase the sentence."); *United States v. Colon*, 707 F.3d 1255, 1259 (11th Cir. 2013) ("So long as the effect of post-conduct amendments to the guidelines is not to increase a defendant's punishment beyond what it would have been without those amendments . . . there is no ex post facto problem."); *United States v. Cordell*, 924 F.2d 614, 619 (6th Cir. 1991) (per curiam) ("Denial of a downward adjustment under [the Guidelines] does not constitute a penalty or an enhancement of sentence.")*.*

More specifically, the Eighth Circuit has recently held that the denial of a sentence reduction under the First Step Act is not an improper "upward variance." *See United States v. Black*, 992 F.3d 703, 705 (8th Cir. 2021). In *Black*, the defendant argued that the district court's refusal to use its discretion under the First Step Act to reduce his 262-month sentence constituted an unlawful sentence increase. *Id.* at 704–05. The Eighth Circuit held that "the district court did not impose an unlawful sentence increase; it merely declined to exercise its discretion to grant a sentence reduction." *Id*. at 705.

This holding informs our inquiry into whether a district court improperly enhanced a sentence pursuant to § 3553(f)(5). It counsels that a district court does not improperly enhance a sentence under § 3553(f)(5) when it declines to provide a sentencing benefit or reduction to a defendant. While the Eighth Circuit's holding does not provide a prescriptive definition of enhancement, it is a useful principle to consider when determining whether the district court improperly enhanced a sentence.

We hold that the district court did not impose an improper sentence enhancement here. Brown contends that because the district court used information from the proffer in determining his final sentence, it was an improper

enhancement. It is clear that the district court considered information disclosed in the safety valve proffer to impose a sentence, such as Brown's previous drug smuggling trips. This is not prohibited. The district court noted the previous drug smuggling trips, but also mentioned various other aggravating factors, including the nine-year-old being in the car, the amount and type of drug involved, and the impact on the community. The sentencing court considered the safety valve information in conjunction with other mitigating and aggravating factors in its determination of a downward sentence variance. The district court imposed a sentence of 78 months—a sentence not just below the mandatory minimum, but also 30 months below the low end of Brown's guidelines range. This does not constitute an enhancement.

Brown takes issue with the fact that the sentence was not as low as he had requested. But the failure to reduce a sentence is not an enhancement. Moreover, we do not take the First Step Act's proscription as Congress stripping away a district court's discretion. All that § 3553(f)(5) prohibits is using information from a safety valve proffer "to enhance the sentence[.]" § 3553(f)(5). Here, Brown got the benefit of the safety valve reduction, resulting in a sentence below both the mandatory minimum and his guidelines range. This is not an improper "enhancement" of a sentence under § 3553(f)(5).

## IV.  THE SENTENCE WAS SUBSTANTIVELY REASONABLE

Brown also challenges his sentence as being substantively unreasonable for being "wildly out of line" compared to the sentences of "similarly situated" offenders and for the district court improperly weighing the equities in

this case. Brown's challenge fails. There was nothing unreasonable about the sentence the district court imposed.[5]

First, Brown argues that his sentence is "over double the average in this district" for similarly situated defendants. He relies on the fact that the PSR stated, "a variant sentence would be appropriate in order to address the sentencing disparities in this district[.]" Brown also highlights the Government's own submissions in other cases, which note that "the mean and median sentences for drug trafficking crimes imposed in the Southern District of California during fiscal year 2020 were 30 months and 38 months in custody, respectively."

The Government correctly highlights the flaws in Brown's arguments. Brown's statistics are overly broad and fail to demonstrate that they were based on any similarly situated defendants. *See United States v. Dewey*, 599 F.3d 1010, 1017 (9th Cir. 2010) (defendant failed to demonstrate an unfair disparity where defendant made "no[] attempt to establish that" the person to whom he compared himself actually had a "record . . . similar to his."). Brown's statistics do not identify whether they are based on defendants convicted of importing the same amount and type of drugs, brought a nine-year old child when committing the crime, and had smuggled drugs on prior occasions. In addition, Brown relies on the probation officer's statement in the PSR that a 42-month sentence "would be in line with other custodial sentences seen in this district for similarly situated defendants." But the probation officer did not provide any statistics to support that assertion, and the probation officer

---

[5] We grant Brown's motion for us to take judicial notice of the Government's motion in a separate case regarding sentencing statistics of drug trafficking cases in the Southern District of California.

was not aware of Brown's three prior drug smuggling trips. Brown has therefore failed to meet his burden to prove a disparity. *Id.* at 1017.

Second, Brown argues that his sentence was not individualized and that the district court did not fairly apply all of the § 3553(a) factors. Brown's contention is clearly belied by the record. The sentencing judge stated that he read the PSR; highlighted the aggravating and mitigating factors, such as the amount and type of drug, Brown bringing along a nine-year old child, and the potential impact of the crime on the community; and noted the equities in Brown's favor as argued by his attorney, such as the recent birth of his child and employment history. "The weight to be given the various factors in a particular case is for the discretion of the court." *United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009). Given the "due deference" provided to the district court's sentencing decision, Brown cannot challenge the district court's decision on the basis that he disagrees with the weight the court afforded all of the factors. *Gall*, 552 U.S. at 51.

The district court did not abuse its discretion when it imposed a sentence below both the mandatory minimum and the sentencing guidelines and articulated the reasonable basis for its determination.[6] Thus, there is no basis to overturn Brown's sentence for being substantively unreasonable.

---

[6] It should be noted that Brown's plea agreement waived any right to appeal any sentence below 71 months imprisonment, a possible sentence 7 months below the sentence actually imposed.

## V. CONCLUSION

We affirm Brown's sentence. In this case, the district court imposed a sentence well below Brown's guidelines range after considering a host of aggravating and mitigating factors. Even if these factors included information disclosed in Brown's safety valve proffer, Brown's failure to receive an additional reduction is not an improper enhancement. The district did not abuse its discretion in imposing its sentence.

**AFFIRMED.**