NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 13 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff-Appellee,<br><br>  v.<br><br>ANDRES GARCIA,<br><br>        Defendant-Appellant. | No.    21-50265<br><br>D.C. No.<br>3:20-cr-03287-LAB-1<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted February 8, 2023[**]
Pasadena, California

Before:  SCHROEDER, TALLMAN, and IKUTA, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Andres Garcia appeals his conviction for importation of methamphetamine in violation of 21 USC § 952. Defendant attempted to smuggle nearly 60 pounds of methamphetamine into the United States from Mexico. A jury found Defendant guilty, and the trial court sentenced him to 150 months in prison after finding the safety valve provision from 18 U.S.C. § 3553(f)(5) did not apply because of Defendant's perjury. The 150-month sentence represented a 210-month downward departure from the sentencing guidelines.

Defendant raises three issues on appeal: (1) that Juror 28 should have been struck for cause as actually or impliedly biased, (2) that the district court failed to properly instruct the jury on aiding and abetting liability, and (3) that the district court erroneously used statements made in the safety valve proffer to enhance Defendant's sentence.

1. The district court did not err in not excusing as actually or impliedly biased prospective Juror 28 who had been intimidated while serving as a witness in a prior, unrelated drug prosecution. The district court determined that Juror 28 was unbiased based on both his statements and his demeanor. The court explained that Juror 28 expressed concern that he would be followed out of the courtroom but otherwise would be impartial. *See United States v. Kechedzian*, 902 F.3d 1023, 1027 (9th Cir. 2018) ("[T]he determination of impartiality may be based on the district court's evaluation of a prospective juror's demeanor."). And when asked if

he "[c]an fairly judge this case," Juror 28 responded "I think I could." *See United States v. Alexander*, 48 F.3d 1477, 1484 (9th Cir. 1995) (holding that district court did not err by not excusing for cause where the prospective juror said that she "believed" she could be impartial). In addition, unlike the cases Garcia cites, Juror 28 was not a victim of the crime for which Garcia was tried, *cf. Kechedzian*, 902 F.3d at 1026, and did not have a family member who had committed similar crimes, *cf. United States v. Gonzalez*, 214 F.3d 1109, 1113 (9th Cir. 2000).

As for implied bias, Juror 28's experience as a witness in an unrelated drug case nearly three decades earlier where someone followed him out of the courtroom, making him uncomfortable, is not a "relationship between a prospective juror and some aspect of the litigation" that makes it "highly unlikely that the average person could remain impartial." *Fields v. Brown*, 503 F.3d 755, 770–72 (9th Cir. 2007) (en banc). Nor is there evidence that Juror 28 lied during voir dire. *See id.* (stating that a second basis for striking a juror for implicit bias is the juror's "repeated lies in voir dire [that] imply that the juror concealed material fact"). We see no manifest error or abuse of discretion where the determination of impartiality is based on the district court's evaluation of demeanor. *Kechedzian*, 902 F.3d at 1027.

2. Defendant did not object to the jury instructions before the district court, so plain error review applies. *United States v. Sanders*, 421 F.3d 1044, 1050 (9th

3

Cir. 2005). District courts enjoy "substantial latitude" in construction of jury instructions provided "that they fairly and adequately cover the issues presented." *United States v. Luong*, 965 F.3d 973, 986 (9th Cir. 2020) (internal quotation omitted). Aiding and abetting liability was not presented at trial because it only pertained to a previously dismissed co-conspirator. Therefore, the district court did not err when it did not sua sponte instruct on aiding and abetting liability. Further, even though the verdict form contained language on aiding and abetting, the district court did not plainly err in providing a verdict form with that irrelevant language when, as here, the district court correctly instructed the jury orally and Garcia did not explain how the irrelevant language affected his substantial rights. *United States v. Henry*, 984 F.3d 1343, 1359 (9th Cir. 2021). And here, because the jury was properly instructed, any error in the verdict form language was harmless.

3. Plain error review applies to unpreserved claims of procedural sentencing error. *United States v. Anekwu*, 695 F.3d 967, 989 (9th Cir. 2012). The district court did not err in sentencing Appellant because (1) a district court is permitted to consider information disclosed in a safety valve proffer when imposing a sentence, and here (2) Defendant's sentence was not improperly "enhanced" as a matter of law when Defendant received a sentence of 150 months which represents a

downward departure from the guideline range of 360 months to life.  *United States v. Brown*, 42 F.4th 1142 (9th Cir. 2022), forecloses Defendant's argument.

**AFFIRMED.**